ALBERT F. PISCITELLO *vs.* MARIA BOSCARELLO, ADMINISTRATRIX (ESTATE OF SALVATORE BOSCARELLO) ET AL.

First Judicial District, Hartford, March Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 3d—decided April 6th, 1931.

*Harold K. Watrous,* with whom, on the brief, was *Daniel G. Campion,* for the appellants (defendants).

*Jacob Schwolsky,* for the appellee (plaintiff).

MALTBIE, C. J.  The commissioner made an award in favor of the plaintiff against both his employer and the insurance company which is prosecuting the appeal to this court.  No question is made but that the plaintiff on June 4th, 1929, suffered a compensable injury arising out of and in the course of his employment.  The appeal is taken by the respondent company upon the ground that at the time of the injury no insurance was in effect which made it responsible for the payment of the award.  The employer had had a policy issued by the company but there had been some controversy between them as to the premium due upon it.  Just before that policy expired, the appellant issued another to him.  The statute, a copy of which is given in the footnote, then as now required that every insurance company writing compensation insurance should report to the board of compensation commissioners all policies issued by it.  General Statutes, § 5291.  Accordingly the agent who issued the policy sent to the commissioner for the

"Sec. 5291.  COMPENSATION INSURANCE COMPANIES TO REPORT THEIR RISKS.  Every insurance company writing compensation insurance shall report in writing to the board of commissioners, in accordance with rules by them prescribed, the name of the person or corporation insured, the day on which the policy shall become effective and the date of its expiration, which report shall be made within one week from the date of the policy.  The cancellation of any policy so written and reported shall not become effective until one week after notice of such cancellation has been filed with the commissioner or commissioners with whom such report is filed.  Any insurance company violating any provision of this section shall be fined not less than one hundred nor more than one thousand dollars for each offense."

first district a card which stated the name of the respondent employer, the date of the issuance of the policy and the date when it became effective, October 11th, 1928, and when it expired, October 11th, 1929. The employer did not want the renewal policy and claimed that he had lost it and finally an agent of the appellant took from him a lost policy receipt, which stated that he did not want it, that it was lost, that he was surrendering it and that it was presumed to be cancelled as of the date of issue. The time when this receipt was taken does not directly appear in the finding, but it does appear that the cancellation of the policy was noted in the files of the agent who issued it as of November 23, 1928. These files also state that a notice of cancellation was that day mailed to the commissioner for the first district, but the files of the commissioner's office disclose that no such notice was ever filed there. The company claims that the policy was not in force when the plaintiff suffered the injury because no policy had ever come into existence between the appellant and the employer and because if it had, it had been effectively cancelled.

Inasmuch as the employer had not in any way made application for the policy, it would of course have to be accepted by him before it would become effective as a binding contract between him and the appellant. *Rogers* v. *Charter Oak Life Ins. Co.*, 41 Conn. 97, 106. But workmen's compensation insurance is a peculiar type of insurance. To every policy each employee of the insured is, in a very real sense, a party; by statute, he is given a direct right of recovery from the insurer, the terms of the policy are given a certain fixed significance by a conclusive presumption, and the defenses the insurer may make against him are restricted. General Statutes, §§ 5283, 5285, 5286. The

purpose of the statute requiring notice of insurance effected or cancelled to be filed with the board of compensation commissioners is to make an authentic record of the insurance policies in existence, so that any employee or prospective employee may ascertain whether the employer is insured and if so in what company. Obviously, to be of value, such a record made by the insurer cannot be open to attack upon the ground that a policy which it has reported to be in effect is not in fact so, either for failure of the insured to accept it when tendered or for other reasons. As regards employees, the insurer is estopped to deny the truth of the formal record so made by it, whether or not the particular employee whose rights are in question examined the files where such records are kept. *Canfield* v. *Gregory,* 66 Conn. 9, 21, 33 Atl. 536. It may be that if a policy, though issued by the insurer, never became binding because of the failure of the insured to accept it or for other such reasons the provision of the statute that no cancellation should become effective until one week after notice was filed would not apply and the report might be withdrawn; but so long as it remains of record the insurer cannot deny that the policy reported is in effect. Whether or not, therefore, the policy in question was in fact accepted so as to be binding upon the insured is of no consequence as regards this claimant. Nor would the mere mailing of a notice of cancellation to the commissioners be effective to terminate the obligations of the insurer; only its receipt by them could avail. Indeed, the statute expressly states as regards the cancellation of a policy which has once come into existence, that the cancellation shall not become effective until one week after notice of it "has been filed"; and this requires an actual delivery to the proper officer.

*United States* v. *Lombardo*, 241 U. S. 73, 76, 36 Sup. Ct. 508. The commissioner has not found that the notice of cancellation was mailed, only that there is an entry upon a card in the office of the agent who issued the policy that this was done. But if he had found that the notice was mailed, any presumption of receipt would not be conclusive and is disposed of by his further finding that an examination of the files in his office discloses that no such notice was in fact filed.

There is no error.

In this opinion the other judges concurred.

