Aldo Rossini *v.* John Morganti et al.

Maltbie, C. J., Avery, Brown, Jennings and Ells, Js.
Argued October 1—decided November 6, 1940.

*Martin E. Gormley,* for the appellant (defendant Hartford Accident and Indemnity Company).

*Ralph O. Bruno,* with whom was *Michael E. Bruno,* for the appellee (plaintiff).

*William H. Cable,* for the appellee (defendant employer).

Per Curiam. The plaintiff suffered an injury while in the employ of the defendant Morganti which it is not disputed was within the scope of the Compensation Act. The matter came before the commissioner upon the claim of the defendant Hartford Accident and Indemnity Company that at the time of the injury its liability under a policy of insurance it had pre-

(706)

viously issued to Morganti had terminated by reason
of cancelation. The commissioner held the company
liable, this decision was sustained in the Superior Court
and the company has appealed to this court. The facts
are that on August 1, 1938, a notice was sent to Mor-
ganti from the Bridgeport office of the company stating
that the policy would be canceled on August 11, 1938.
The home office of the company was informed of this
and it sent a notice of cancelation to the workmen's
compensation commissioner for the first district, in ac-
cordance with the rules of the board of commissioners,
but by reason of a mistake of a clerk in the home office
this notice stated that the cancelation would be effec-
tive on August 18, 1938. The injury occurred on
August 12, 1938. The statutes require that every in-
surance company writing compensation insurance shall
report, in writing, to the board of commissioners the
name of the person or corporation insured and the
day on which the policy is to become effective and the
date of its expiration; and, further, that the cancela-
tion of any policy so written and reported shall not
become effective until one week after the notice of such
cancelation has been filed with the board. General
Statutes, § 5291. In *Piscitello* v. *Boscarello,* 113 Conn.
128, 154 Atl. 168, the facts were that the defendant
insurance company had notified the board of commis-
sioners of the issuance of a renewal policy with the
date when it would become effective and the date when
it expired; the employer did not want the policy and
claimed he had lost it; and finally an agent of the com-
pany took from him a lost policy receipt which stated
that he did not want it, that it was lost, that he was
surrendering it and that it was presumed to be canceled
as of the date of the issue; but no notice was given
to the board. The employee was injured within the
period when, under the notice given to the board, the

policy was in effect. We pointed out that workmen's compensation is a peculiar type of insurance, and that to every policy each employee of the insured is in a very real sense a party; we said that the purpose of the notice was to make an authentic record so that any employee or prospective employee might ascertain whether the employer is insured, and, if so, in what company, and that the insurer is estopped to deny the truth of the formal record, whether or not the particular employee whose rights are in question examined the files where such records are kept; and we held that, as the record stated that the policy was in effect, the insurer could not deny that this was so. The case before us is ruled by that decision. That the error in stating in the notice the time when the cancelation was to become effective was made by an employee of the company is no ground upon which we can override the plain requirements of the statute. *Scott* v. *Hoage,* 63 App. D. C. 391, 394, 73 Fed. (2d) 114, 117.

There is no error.