EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Appellant,

v.

Mrs. Frances HOWARD et al., Appellees.

No. 3327.

Court of Civil Appeals of Texas.

Waco.

Jan. 12, 1956.

Rehearing Denied Feb. 2, 1956.

Leachman, Gardere, Akin & Porter, E. J. Kolb, Dallas, for appellant.

Bates & Cartwright, Houston, W. O. Bowers III, Austin, for appellee.

TIREY, Justice.

This action is a consolidation of three suits brought in the District Court under the provisions of the Workmen's Compensation Act of Texas, Vernon's Ann.Civ.St. art. 8306 et seq. The cause was tried without the intervention of a jury. Each suit involved questions of insurance coverage and each grew out of the fatal injuries received by deceased employee on January 12, 1954 in the course of his employment by his employer. Judgment was rendered as follows: (a) in favor of Mrs. Frances Howard against Employers Mutual and General American, jointly and severally, for workmen's compensation benefits for 360 weeks at the rate of $12.50 per week, with interest at the rate of four per cent per annum on all accrued and unpaid weekly installments as they matured from January 12, 1954 to the date of the judgment, to be paid in one lump sum; (b) in favor of Mrs. Frances Howard, as guardian and as next friend of the respective estates of Connie Louise Howard and Jalana Rose Howard against Employers Mutual and General American, jointly and severally, for $8.3333 per week for 360 consecutive weeks, plus 12% of such amount as statutory penalty to be paid in one lump sum for the use and benefit of said minors, said sum to be divided equally between them; (c) in favor of Mrs. Frances Howard, guardian and acting representative of the estate of Ronald Dale Howard, deceased, against Employers Mutual and General American, jointly and severally, for the sum of $4.-1666 per week for 360 weeks, plus 12% of such amount as statutory penalty to be paid in one lump sum; (d) in favor of Mrs. Frances Howard, guardian of the estates of Connie Louise and Jalana Rose Howard, minors, and as acting representative of the estate of Ronald Dale Howard, deceased, against Employers Mutual and General American, jointly and severally, for attorney's fees in the sum of $500; (e) that one-third of the recovery awarded to Mrs. Frances Howard, as guardian of Connie Louise and Jalana Rose Howard, and acting representative of the estate of Ronald Dale Howard, deceased, be set aside and apportioned to her attorneys, Bates & Cartwright, as compensation for their services in representing the plaintiff before the Industrial Accident Board and before the court; (f) all costs were adjudged against Employers Mutual and General American; (g) it was provided that the judgment bear interest at the rate of 4% per annum from its date to the date same shall have been paid.

Employers Mutual only has perfected its appeal from the judgment entered to this court. There was no request for findings of fact and conclusions of law and none filed.

The judgment entered is assailed on nine points. They are substantially: (1 and 2) the court erred in holding appellant liable under the Workmen's Compensation Act for benefits of death resulting from injuries sustained on January 12, 1954, because the policy of workmen's compensation insurance issued by appellant had expired on November 8, 1953, and because of such expiration the Industrial Accident Board lacked jurisdiction to render an award for death benefits under a compensation policy that had expired; (3, 4 and 5) the court erred in not holding that the appeals perfected by Employers Mutual and General American from the award of May 3, 1954 deprived the Industrial Accident Board of further jurisdiction, so that the purported award of October 3, 1954 was not a final award because it did not dispose of all the parties and all the issues, and in not holding that the award of October 13, 1954 was not a final award as it did not dispose of all the parties and all the issues; (6 and 7) the court erred in not holding that the Industrial Accident Board was without jurisdiction to make an award of $8.3333 per week as compensation benefits in favor of the two surviving minor children of the deceased employee, and in not dismissing the suit to mature the award of October 13, 1954, so that the Board could correct the patent errors in such purported award; (8) the court erred in rendering judgment in favor of Mrs. Frances Howard, as representative of

Ronald Dale Howard, deceased, in absence of showing that she was the duly authorized representative of such estate; (9) the court erred in not failing to dispose of the claim of the Funeral Home for funeral expenses.

A comprehensive statement is necessary. Appellant had issued a workmen's compensation insurance policy to the employer, which policy expired under its terms on November 8, 1953, some two months before Richard P. Howard sustained an accident resulting in his death while engaged in the discharge of his duties as an employee. It is true that appellant had tendered said employer its renewal policy for one year covering the period from November 8, 1953 to November 8, 1954, but the employer refused to accept such renewal policy or to file notice with the Industrial Accident Board that Employers Mutual, appellant here, carried said workmen's compensation insurance; however, the employer took out a workmen's compensation insurance policy with General American covering said period from November 8, 1953 to November 8, 1954, and this policy was in effect on January 12, 1954, and the employer filed notice with the Industrial Accident Board that this employer had become a subscriber to the workmen's compensation act with General American. Prior to January 12, 1954 General American attempted to file with the Motor Transportation Division of the Railroad Commission of Texas a certificate that it had issued such policy, but said Motor Transportation Division refused to permit the cancellation of such certificate previously filed by Employers Mutual for lack of ten days notice of cancellation, even though General American notified the Railroad Commission prior to January 12, 1954 that Employers Mutual was no longer on the risk but General American took over the risk on November 8, 1953, and tendered to the Railroad Commission its certificate that it had taken over such risk.

The widow of the deceased employee filed claim for compensation against both General American and Employers Mutual in behalf of each and all of the legal beneficiaries of the deceased employee. After the first two suits hereinafter mentioned were filed, J. D. Wheeler, Liquidator for the Board of Insurance Commissioners of the State of Texas, was placed in charge of the affairs of General American.

On May 3, 1954, the Industrial Accident Board made a final award against Employers Mutual and General American in favor of said widow for the sum of $12.50 for 360 weeks, less statutory funeral expense of $125 ordered paid to said funeral home in discharge of the widow's portion of the funeral expense, and provided that said award did not cover any compensation due and to become due the minors and unborn child or children of deceased, but that a future award would be written in their behalf when said child or children is or are born, as the case may be.

On October 13, 1954, the Industrial Accident Board made a "final" award against Employers Mutual and General American, c/o J. D. Wheeler, Liquidator for the Board of Insurance Commissioners of the State of Texas, in favor of the duly appointed, qualified and acting guardian as such and as next friend of the respective estates of Connie Louise Howard, a minor child, and Jalana Rose Howard, a posthumous child, in equal shares of $8.3333 for 360 weeks from January 12, 1954, less funeral expenses and attorney's fees therein ordered paid and in favor of the duly appointed, qualified and acting representative or representatives of the estate of Ronald Dale Howard, a minor child who passed away on June 11, 1954, in the sum of $4.1666 per week for 360 weeks, less funeral expenses and attorney's fees therein ordered paid, and funeral expenses to the extent of $25 were approved and allowed in favor of said funeral home, $41.67 out of the accrued compensation due the heirs of Ronald Dale Howard and $83.33 out of the accrued compensation of the minor children in settlement and discharge of statutory funeral expenses, and ordered payment of an attorney's fee of 15% on the first $500 and 10% on amounts in excess of the first $500 paid to Connie Louise Howard, a minor child, Jalana Rose Howard, a posthumous child, and the heirs of Ronald Dale Howard, to Bates & Cartwright, attorneys for said beneficiaries.

The first two of the consolidated suits were in the nature of appeals brought by Employers Mutual and General American, respectively, from said final award of May 3, 1954, and the third suit was in the nature of a maturity suit brought by the minor child, the posthumous minor child and the purported representative of the deceased minor child to mature the award of October 13, 1954.

In order to clarify further the three suits which were consolidated, and to show their relation to each other, the following outline of the three pleadings may prove helpful.

### Cause No. 13,872 B/A

Employers Mutual duly perfected an appeal from said award of May 3, 1954, and filed Cause No. 13,872–B in the 87th District Court of Limestone County against the widow, General American and the funeral home to set aside said award. This case was transferred to the 77th District Court of Limestone County.

Mrs. Frances Howard, the widow of the deceased employee, filed an answer and cross-action against Employers Mutual, seeking to recover death benefits under the Workmen's Compensation Law for the death of the deceased employee at the rate of $12.50 per week for 360 weeks in a lump sum.

General American filed an answer alleging that Employers Mutual was the compensation carrier and if General American also had a compensation policy, then there was dual coverage and there should be a joint and several liability of said two companies as regards any workmen's compensation benefits which may be due Mrs. Frances Howard and her minor children including those now in esse and including the child or children unborn to said widow.

The funeral home filed an answer that there was due and unpaid on its funeral bill for conducting the funeral of the deceased the sum of $500 and that other than the collection of such amount as may be allowed by law on its funeral bill, it has no further interest in this controversy, and prayed that out of any award made to the widow, the court order such part or portion of the funeral bill paid as may to the court seem fair and reasonable under the circumstances.

Employers Mutual filed an answer to the cross-action of said widow denying coverage under oath.

### Cause No. 13,874–A

General American also duly perfected an appeal from said award of May 3, 1954, and filed Cause No. 13,874–A in the 77th District Court of Limestone County against Mrs. Frances Howard, Connie Louise Howard and Ronald Dale Howard, both minors under fourteen years of age without legal guardian, and against Employers Mutual, to set aside said award.

Employers Mutual filed its first amended original answer and cross-action in the cause against General American, c/o J. D. Wheeler, Liquidator for the Board of Insurance Commissioners of the State of Texas, and against the statutory beneficiaries under the Workmen's Compensation Act of the deceased employee, namely, Mrs. Frances Howard, a widow, Connie Louise Howard, a minor, Jalana Rose Howard, a minor who was born after the death of her father, individually and as sole heirs at law of Ronald Dale Howard, deceased, who died during the pendency of the suit; seeking to set aside the two final awards of the Industrial Accident Board of May 3, 1954, and October 13, 1954, alleging Employers Mutual had no insurance in force on January 12, 1954, when deceased employee received his fatal injuries or after November 8, 1953, when its policy had expired and prior to which its tendered renewal policy was rejected by the employer.

Mrs. Frances Howard, Connie Louise Howard and Jalana Rose Howard, individually and as sole heirs at law of Ronald Dale Howard, deceased, filed their original answer to the cross-action of Employers Mutual, alleging that the certificate filed by Employers Mutual with the Motor Transportation Division of the Railroad Commission of Texas constituted a valid and bind-

ing contract for the benefit of the employees of said employer and their legal beneficiaries which was in full force and effect on January 12, 1954, at the time the deceased received his fatal injuries, so that Employers Mutual is estopped to contend that said policy had never been issued and had never gone into effect, or that it was cancelled prior to January 12, 1954.

### Cause No. 13,973–A

Mrs. Frances Howard, a widow, individually and as next friend and guardian of Connie Louise Howard and Jalana Rose Howard, minors, and acting representative of the Estate of Ronald Dale Howard, deceased, filed Cause No. 13,973–A in the 77th District Court of Limestone County against Employers Mutual and General American, c/o J. D. Wheeler, Liquidator for the Board of Insurance Commissioners, alleging that said defendants, without justifiable cause, failed to make payments as they were ordered to do in the award of October 13, 1954, and brought suit to mature the entire claim and to collect the full amount of said award, together with 12% penalties and attorney's fees.

Employers Mutual filed its first amended original answer in which it raised by way of plea to the jurisdiction and in abatement and by answer to the merits, the want of jurisdiction of the Industrial Accident Board to render an award against it when it was not on the risk and had no outstanding policy of workmen's compensation insurance, that the award of October 13, 1954, was not a final award in that it did not dispose of all the parties or all of the issues, that the appeal from the award of May 3, 1954, deprived the Industrial Accident Board of jurisdiction to proceed further on the claims for the death of the deceased employee, and that the award of the Board in favor of the estates of the two living children of the deceased employee of $8.3333 per week for 360 consecutive weeks from January 12, 1954 was for an amount far in excess of any amount authorized under the Workmen's Compensation Act and it was intended to award funeral expense to the extent of $125 instead of $25 and it was necessary for the Industrial Accident Board to correct such mistakes before the purported award could be enforced; and Employers Mutual further alleged that the funeral home was a necessary party to the suit and that the Estate of Ronald Dale Howard is a necessary party to this suit and that Mrs. Frances Howard was not the duly appointed or qualified representative of the Estate of Ronald Dale Howard, and that in no event could more than 50% of the compensation benefits be awarded against this defendant because of the other insurance provision contained in its policy. Employers Mutual also filed a third party action against General American, c/o J. D. Wheeler, Liquidator for the Board of Insurance Commissioners, praying for judgment against it for any judgment that might be rendered against Employers Mutual.

General American, c/o J. D. Wheeler, Liquidator for the Board of Insurance Commissioners, filed an answer to said third party action brought against it by Employers Mutual, alleging that Employers Mutual did have in full force and effect a policy of workmen's compensation insurance covering the deceased at the time of his fatal accident, and if there was dual coverage there was joint and several liability.

On motion of plaintiff and cross-plaintiff, Mrs. Howard, the three causes of Employers Mutual Liability Insurance Company of Wisconsin v. Mrs. Frances Howard et al., as hereinabove enumerated, were consolidated and tried before the court without a jury, on stipulations, exhibits and testimony of Mrs. Howard.

The foregoing statement of the factual situation is substantially the statement made by appellant in its brief, and, as we understand the parties, is not controverted.

Going back to appellant's Points 1 and 2, the first major question that must claim our attention is: Was the Employers Mutual Liability Insurance Company of Wisconsin the carrier of the risk incident to the Shaw Transport or Shaw Oil Company at the time Richard P. Howard received the in-

juries resulting in his death? Our view is that it was not.

■ It is true that Employers Mutual offered to renew its contract to carry the risk, but such offer was rejected and the policy was returned by mail by the employer and it proceeded to cover its risk by taking out a policy with the General American. This it had the right to do under our doctrine of free enterprise, notwithstanding the rules and regulations in force by the Motor Transportation Division of the Railroad Commission of Texas. We think the rule in Texas is that when the employer received the renewal policy tendered by Employers Mutual, and when the employer refused to accept such policy and rejected it, and evidenced such rejection by so advising the Employers Mutual by letter and returning the policy through the United States mail, that the posting of such letter and the return of the policy was a complete and final rejection and terminated all liability or duty that the Employers Mutual owed to the employer by virtue of its offer to renew its liability as provided in the renewal policy so tendered. We think we are supported in this view by the opinion of our Supreme Court in Houston Fire & Casualty Insurance Co. v. Pritchard & Abbott, Tex., 283 S.W.2d 728, points 2 and 3. See also Southland Life Ins. Co. v. Greenwade, Tex.Civ. App., 143 S.W.2d 648, Id., 138 Tex. 450, 159 S.W.2d 854. Since the policy of insurance tendered by Employers Mutual to the employer covered the period from November 8, 1953 to November 8, 1954 was refused and returned by the employer and never went into effect, we are unable to see how any liability could accrue on a contract that was nonexistent. When the employer refused to accept the renewal policy from Employers Mutual, it, about the same time, took out a policy of workmen's compensation insurance with the General American, and that policy, under the undisputed facts, was in full force and effect at the time Richard P. Howard received the injuries resulting in his death. As we understand appellees' position, their only basis for holding Employers Mutual on the risk is that it filed certificate of insurance with the Motor Transportation Division of the Railroad Commission, showing that it had issued to the employer its policy covering workmen's compensation and employer's liability insurance from November 8, 1953 to November 8, 1954, and that said policy may not be cancelled without mailing written notice to the Motor Transportation Division of the Railroad Commission stating when not less than ten days thereafter such cancellation should be effective. The vice in this contention is that this case does not involve an attempted cancellation of a policy. On the contrary, it involves the expiration of a policy by the lapse of the policy term for which it was written long before the injury in question occurred. The Railroad Commission no doubt was led astray by its regulation that a policy on a certified carrier cannot be cancelled without giving ten days notice. It is our view that such ten days notice is not required and cannot be required when a policy of one company runs its full course of time and a policy written by another company is substituted therefor. Otherwise, the Railroad Commission and its agency would be empowered to make contracts between the parties where there was no meeting of the minds and absent mutuality. Moreover, the Railroad Commission was notified that General American was on the risk, and that Employers Mutual policy had not been accepted by the employer since November 8, 1953; and the General American attempted to file its certificate of insurance showing that it was the workmen's compensation carrier on the employees of Shaw Transport and Shaw Oil Company from November 8, 1953 to November 8, 1954 with the Motor Transportation Division of the Railroad Commission, which certificate the Transportation Division refused to accept. In so doing the Commission followed the theory that it must have ten days notice of the cancellation of the policy of the Employers Mutual. It is true the Railroad Commission, under Art. 911b, sec. 13, Vernon's Ann.Civ.Stats., has the right to require a carrier to carry workmen's compensation insurance on its employees; however, it has no right to extend the term of an expired policy or to create and vitalize a renewal contract that

the employer rejected and returned to the former carrier. Nor can it place insurance risks on one insurance company by refusing to recognize substitution of another insurance company on the risk where the policy of insurance issued by the first insurance company has expired and the proffered renewal thereof has been rejected.

Since the Employers Mutual Insurance Company of Wisconsin did not have a contract of insurance in force and was not carrying the risk of the employer at the time Richard P. Howard met his death, it has no liability herein and the Industrial Accident Board was without authority to make an award against it, and likewise the trial judge was without authority to make any award against it, and the action in so doing must be reversed and rendered.

Because of the foregoing views, all other points raised by appellant pass out of the case.

Accordingly, the judgment entered against the Employers Mutual Insurance Company of Wisconsin is reversed and rendered.