RICE LAKE CREAMERY COMPANY, Respondent, v. INDUSTRIAL COMMISSION, Defendant: DEBOER and others, Movants.

*June 5—June 20, 1962.*

178

*Goldberg, Previant & Uelmen* of Milwaukee, for the movants.

*Robertson, Hoebreckx & Davis* of Milwaukee, for the respondent.

PER CURIAM (*on motion for relief from payment of costs*).

The Industrial Commission awarded unemployment compensation benefits to claimants. The employer brought an action to review in which the commission and the claimants were defendants. The circuit court set aside the award. The commission and the claimants appealed. This court affirmed, but made no direction with respect to costs on appeal. Claimants moved for rehearing. We denied the motion and our order expressly allowed costs thereon.[1]

On application of the employer, the clerk of this court taxed $122.50 costs against claimants and in favor of the employer. This sum included $47.50 costs on rehearing ($25 attorneys' fees plus printing) and $75 on the appeal (also $25 attorneys' fees plus printing). Claimants have now moved for

[1] *Rice Lake Creamery Co. v. Industrial Comm.* (1961), 15 Wis. (2d) 177, 112 N. W. (2d) 202.

relief from the imposition of costs. We treat the motion as one to review the taxation by the clerk.

1. *Failure to object.* It appears that timely notice of taxation of costs was given to claimants' counsel. Not having objected before taxation by the clerk, they are not entitled to review the taxation as a matter of right.[2] But because we deem it desirable to have a uniform practice in matters of this type and because we are informed that the practice has not been uniform in the past, we exercise our discretion to consider the motion on its merits.

2. *Propriety of the taxation of costs.* Sec. 251.23, Stats., is the general rule covering the imposition of costs in matters in this court except in criminal actions. It provides, in part:

"In the supreme court, excepting criminal actions, costs shall be in the discretion of the court. In any civil action or proceeding brought to the court by appeal or writ of error, the prevailing party shall recover costs unless the court shall otherwise order, . . ."

Under the provision quoted, silence as to costs amounts to an imposition of costs in the exercise of the court's discretion. The employer and our clerk have relied on this rule in this matter.

Sec. 102.26 (1), Stats., provides, in part:

"In proceedings to review an order or award, costs as between the parties shall be in the discretion of the court, but no costs shall be taxed against the commission."

Although ch. 102, Stats., relates to workmen's compensation, the quoted provision applies in cases arising under ch. 108, Stats. (unemployment compensation) because sec. 108.09 (7) provides, in part:

"Any judicial review hereunder shall be confined to questions of law, and the other provisions of ch. 102 [Stats.

---

[2] *Akerly v. Vilas* (1869), 23 Wis. 628, 630.

1935; see ch. 181, sec. 22, Laws of 1943] with respect to judicial review of orders and awards shall likewise apply to any decision of the commission reviewed under this section."

Standing alone, sec. 102.26 (1), Stats., containing no provision that silence of the court is to be construed as an exercise of discretion, suggests that costs are not to be taxed unless the court expressly orders costs.

It is a reasonable argument that sec. 102.26 (1), Stats., should be read together with sec. 251.23 and that the rule found in the latter that silence of the court as to costs means that the court is imposing costs applies in cases of judicial review under chs. 102 and 108, Stats., as it does in general.

On the other hand, a number of factors place actions to review under chs. 102 and 108, Stats., in a special class. It is ordinarily true that one of the parties is joined in interest with the commission. Ordinarily the participation of that party adds nothing to the burden which the other party must meet as an opponent of the commission. One of the parties is either claiming compensation as an employee who has suffered injury or occupational illness or claiming benefits as an unemployed worker. The legislature has made special provision for litigants in this class of cases by exempting them from furnishing the undertaking for costs ordinarily required of an appellant.[3] If it were the practice to make an express direction with respect to costs in every case, it is fair to say that this court would not, as a matter of course, award costs to the prevailing party in these actions to review, but would ordinarily do so in other civil actions and proceedings.

We view the omission from sec. 102.26 (1), Stats., of the rule that the prevailing party shall recover costs unless the court shall otherwise order as significant and conclude that where the court's discretion to impose costs in actions for

---

[3] Sec. 102.25 (1), Stats.

review under chs. 102 and 108, Stats., is to be exercised, it is contemplated that the court will make an express direction.

The $47.50 costs on the motion for rehearing were taxed in accordance with our express direction in disposing of that motion and this sum has been properly taxed. The balance of $75 was not based upon an express award of costs and the clerk of this court is directed to reduce the total taxed by the latter amount.

No costs allowed on this motion.