HAUSMANN, Respondent, v. WITTEMANN, Appellant.

*January 8—February 2, 1965.*

---

For the appellant there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Stephen O'Meara.*

For the respondent there was a brief by *Simester, Schowalter & Bunk* of West Bend, and oral argument by *T. W. Simester.*

HEFFERNAN, J.   The appellant, Wittemann, argues that the trial court was in error in failing to find that the contract was rescinded by the mutual consent of the parties. We agree with this contention, and we accordingly reverse the trial court and direct that the action for specific performance be dismissed.

We arrive at this result since a review of the record indicates the trial court's decision is contrary to the great weight and clear preponderance of the evidence. *Nehls v. Nehls* (1963), 21 Wis. (2d) 231, 124 N. W. (2d) 18. Whether the contract was rescinded poses a question of fact to be determined from the intent of the parties as manifested either in their words, acts, or conduct. *Skopes Rubber Corp. v. United States Rubber Co.* (1st Cir. 1962), 299 Fed. (2d)

584, 594; and *Church v. Bobbs-Merrill Co.,* (7th Cir. 1959), 272 Fed. (2d) 212.

The trial judge concluded that there was no evidence to indicate that the parties mutually agreed to rescind the contract. We disagree. Upon review of the testimony only of the verbal acts of the parties on the day in question, the result might appear to be correct. According to the statements of Wittemann and the doctor, the former said he was not selling and the latter said nothing. But this analysis overlooks the decisive act of the return of the check by Wittemann and its receipt and retention by Doctor Hausmann. If the sale was to be simply postponed, the seller, Wittemann, would have no reason to return the earnest money. If the doctor thought the sale to be postponed until the tenant was removed from the property, he would have no reason to accept the check. In accepting the check, the doctor manifested an acquiescence in the termination of the contractual relationship.

In *Douglass v. Ransom* (1931), 205 Wis. 439, 445, 237 N. W. 260, we held that the retention of the earnest-money check (received in the mail) might be construed as an acquiescence that the agreement to sell was rescinded. We, however, found no rescission because of the other acts of the buyer (the filing of the *lis pendens* and the commencement of the action) negated any inference of acquiescence and showed that he did not intend to waive his rights under the contract. Here the vendee commenced no action, but simply asked whether the tenant was removed from the premises. These inquiries are merely indicative of a continued interest in the property as a subject for future negotiations, and are not inconsistent with the prior manifestations of rescission. We conclude, however, that the retention of the check, and the failure to take any legal

action to enforce the contract were so inconsistent with a continued contractual relationship, as to be conclusive evidence of an intent to consider the transaction at an end. In view of the only interpretation that can be placed upon these acts, it is clear that the finding of the court is contrary to the evidence.

Other acts of the doctor indicate that he thought that the sale was terminated. Wittemann told the doctor of the Ziegler offer, but at no time did Dr. Hausmann indicate that such dealings were inconsistent with the contractual relationship which he now insists was then in existence. Wittemann said that he told the doctor of the listing contract with the real-estate broker for $90,000. Dr. Hausmann disputes this. Nevertheless, the vendee's conduct, until the time he asserted the continued existence of the vendor-vendee relationship, can only be accounted for if we conclude that the parties by mutual consent abrogated the contractual relationship.

In view of our conclusion that the contract was rescinded by the parties in 1954, the other points raised by the parties need not be considered.

*By the Court.*—Judgment reversed.