WEED (Earl), Plaintiff and Appellant, v. LEPIANKA, Defendant: AETNA CASUALTY & SURETY COMPANY, Defendant and Respondent.

WEED (Mrs. Edna), Plaintiff and Appellant, v. LEPIANKA and others, Defendants: SAME, Defendant and Respondent.

STANKEVITZ, Plaintiff and Appellant, v. SAME, Defendants: SAME, Defendant and Respondent.

*February 2—March 1, 1966.*

201

202

For the appellants there was a brief by *Martineau & Martineau* of Marinette, and oral argument by *E. B. Martineau.*

For the respondent there was a brief by *Everson, Whitney, O'Melia, Everson & Brehm* of Green Bay, and oral argument by *E. L. Everson.*

HEFFERNAN, J.

It is basically the position of the appellants that the delivery of the policy to the agent Wood was in effect delivery to the assured and was hence sufficient to effect coverage. There is no doubt that, in some situations, the delivery to the agent could be construed to be delivery to the assured, but the basic rule as stated by Appleman is:

"Delivery of a policy is largely a question of intent, that which the conduct or agreement of the parties shows was intended by them being controlling in determining what constitutes a delivery." 12 Appleman, Insurance Law and Practice, p. 226, sec. 7157.

Delivery to the agent may be delivery to the assured:

"If the insured has done everything necessary to entitle him to possession of the policy, and there rests upon the agent the simple ministerial duty of transferring the policy to the insured, then the agent of the insurer in effect holds the policy for the insured, and it is binding on the parties without physical transfer." Vance, Insurance (hornbook series, 3d ed.), p. 254, sec. 43.

However, for these rules to be of any relevance there must be more than just a unilateral action by the insurance company. All of the additional elements of a contract must be present. Mr. Wood testified that after he received the policy he was obliged to go out and sell it. There is no evidence whatsoever to show that possession by Wood was intended to constitute delivery to Mrs. Lepianka. There was in fact evidence that delivery to her would be made only upon payment. The trial court correctly held that under the circumstances there was no legal significance in the preissuance of the policy by Aetna and its delivery to Wood. It merely made the policy available if a contract were otherwise entered into between Wood, as the agent of Aetna, and Mrs. Lepianka.

In effect the appellants contend that as the result of the granting of credit on the issuance of the policies for the two preceding years, that the parties had arrived at the custom that credit was again to be extended to her, and that she had reason to believe that she was afforded insurance coverage on a credit basis.

We do not deny that such circumstances can arise. The custom of insurance companies of automatically renewing policies year after year and then billing the customer later could well estop the company's denial of coverage, even though a tender of payment was not made until after the loss. That, however, is not the fact situation here. Whether the policy was to be renewed depended not only upon the past course of dealings between the parties, but upon the transaction with respect to this

particular policy. It is undisputed that if the payment of premium were a condition precedent for insurance coverage, then no coverage was afforded in this instance. The court found that prepayment was required.

The trial judge found, as a matter of fact, that Wood on or about March 23d wrote to Mrs. Lepianka and advised her that her policy of insurance would expire on April 23, 1959, and that he would not extend credit to her or continue in effect the coverage afforded by Aetna after the expiration of the policy unless she paid the premium. This court is bound by these factual determinations unless they are contrary to the great weight and clear preponderance of the evidence. *Hausmann v. Wittemann* (1965), 26 Wis. (2d) 482, 485, 132 N. W. (2d) 537; *Tiedeman v. Middleton* (1964), 25 Wis. (2d) 443, 130 N. W. (2d) 783; *Estate of Beat* (1964), 25 Wis. (2d) 315, 130 N. W. (2d) 739.

While Mrs. Lepianka denied the receipt of such letter, Wood testified that he mailed it, and the trial judge found that the notice was received by Mrs. Lepianka. While the matter if viewed *ab initio* is not entirely free from doubt, we cannot say that the finding is contrary to the great weight and clear preponderance of the evidence, particularly when viewed as we must from the standpoint most favorable to the respondent. *Guinther v. Schucht* (1965), 26 Wis. (2d) 97, 99, 131 N. W. (2d) 861.

The effect of this finding is, of course, to entirely negate the contention that a course of dealing continued in effect affording Mrs. Lepianka insurance coverage on a credit basis. Irrespective of what presumptions might otherwise have arisen on the basis of past dealings, this fact as determined by the trial court makes it clear that future coverage was to be afforded only upon payment of the premium. Additionally, the trial judge specifically found that no conduct of Aetna or of the agent Wood had led Mrs. Lepianka to conclude that policy coverage would

be extended beyond April 23, 1959, or that credit would be extended for such coverage.

It is also apparent that, under the state of facts found to exist, no contract of insurance could arise in the absence of an express or implied acceptance by Mrs. Lepianka of Aetna's offer to extend insurance. The court found that, after receiving the letter of March 23d from Wood, Mrs. Lepianka did not communicate "her desire . . . that her coverage be renewed after expiration of the present policy." In short, she did not accept the terms of Aetna's offer. This is a matter of simple contract law.[1] While there is the testimony of Mrs. Lepianka that she did go to the Wood store and offered to pay the premium, there is no evidence that payment was ever offered to anyone authorized to receive it. It should also be remembered that although Mrs. Lepianka denies receiving Wood's letter demanding payment in advance, she claims that she did go to Wood's store with the intention of paying for the policy. When a case is tried before the court, it is for the judge to determine the credence and weight to be given to the testimony of the witnesses. *Gauthier v. State* (1965), 28 Wis. (2d) 412, 416, 137 N. W. (2d) 101. And it is within the authority of the trial judge to believe or disbelieve Mrs. Lepianka and Mr. Wood. In any event, there is no evidence that Mrs. Lepianka at any time prior to the accident communicated to Mr. Wood her desire to continue coverage.

---

[1] "A binding contract of renewal must be clearly established, and must have all the essentials of a valid contract, as in the creation of the contract in the first instance, discussed *supra* § 227. Thus a renewal cannot be effected or consummated without the mutual assent of the parties and a meeting of the minds of the parties on all the essentials of the contract, and a new consideration. A mere custom of companies or their agents in certain localities to renew, without request, is not sufficient to establish a renewal, unless it is of such a nature as to be binding on insured as well as on insurer." 44 C. J. S., Insurance, p. 1126, sec. 283.

The court's finding that Mrs. Lepianka did not communicate her request that her coverage be renewed, and that she did not offer to pay Wood or Aetna the amount of the renewal, is uncontroverted and must be sustained.

The appellants, additionally, claim that under its very terms the policy could only be canceled on ten days' notice. We deem the cancellation clause relevant only to the termination of an existing policy. Since the trial court's findings make it apparent that the 1959–1960 contract of insurance did not come into existence, the cancellation provisions are not pertinent.

On the basis of the findings of the trial court, we conclude that conduct of the agent in advising Mrs. Lepianka that the premium must be paid prior to the delivery of the policy effectively ended any right she might have had to rely on renewed coverage on a credit basis. We also conclude that her failure to respond to Wood's offer to deliver the policy upon payment resulted in the nonacceptance of the offer and prevented the renewal policy from taking effect.

*By the Court.*—Judgment affirmed.