DELAP, Respondent, v. INSTITUTE OF AMERICA, INC., Appellant.

*June 6—July 1, 1966.*

For the appellant there was a brief and oral argument by *John William Calhoun* of Fond du Lac.

For the respondent there was a brief by *Edgarton & Hobbs* of Fond du Lac, and oral argument by *Neil Hobbs*.

HEFFERNAN, J. This appeal presents three issues: (1) Whether the booklet covers that the defendant ordered printed by the plaintiff were of the proper size and properly scored for folding and binding; (2) whether the printing and related work was completed and in the quantities contracted for; and (3) whether delivery was timely made.

The trial court made determinations in favor of the respondent on each of these issues: That the delivery of the covers, which the defendant claims were of improper size, constituted doing the required work, and that a proof of the cover was approved by the defendant prior to furnishing the completed covers; that the plaintiff completed and delivered the work in the quantities ordered by the defendant; and that the materials were furnished to the defendant as soon as feasible.

If these determinations are findings of fact, as they are denominated in the record, the question before us on appeal is simply whether these findings are contrary to the great weight and clear preponderance of the evidence. *Acme Equipment Corp. v. Montgomery Co-operative Creamery Asso.* (1966), 29 Wis. (2d) 355, 362, 138 N. W. (2d) 729; *Kirchen v. Gottschalk* (1965), 26 Wis. (2d)

123, 126, 131 N. W. (2d) 885; *Hausmann v. Wittemann* (1965), 26 Wis. (2d) 482, 485, 132 N. W. (2d) 537; *Weed v. Lepianka* (1966), 30 Wis. (2d) 198, 204, 140 N. W. (2d) 305. In addition, the evidence must be reviewed by this court from a standpoint most favorable to the respondent. *Guinther v. Schucht* (1965), 26 Wis. (2d) 97, 99, 131 N. W. (2d) 861; *Columbia Stamping & Mfg. Co. v. Reich* (1965), 28 Wis. (2d) 297, 301, 137 N. W. (2d) 45.

The appellant contends that these generally accepted rules are not applicable, apparently taking the view that since the exhibits are before us that this court is in a position to make the determination *ab initio* concerning the quality of the work performed. We have held that, in certain cases where the evidence is documentary, the appellate court is not bound by inferences drawn therefrom by the trial court. *McCauley v. Tropic of Cancer* (1963), 20 Wis. (2d) 134, 148, 121 N. W. (2d) 545. This view is, of course, predicated on the belief that when a question of fact is dependent upon understanding or interpretation of language this court is as able to draw an inference therefrom as the judge or jury who considered the matter at trial. In this case, however, the facts that the appellant would have us derive from the exhibits are not so uniquely in the area of expertise of the court that we can draw an unequivocal conclusion.

The appellant has invited our attention to defendant's Exhibit No. 2 as undisputable proof that the book covers were not completed in a workmanlike manner. An examination of this exhibit bears out the defendant's contention that covers did not completely cover the lessons that are bound within them. He also asserts that the exhibit conclusively proves that the scoring was improper and that folds made upon the scored places would not result in a properly fitting booklet cover. An examination of the exhibit gives some credence to defendant's argument that the size and scoring of the covers failed to adequately fit

the enclosed textual material. However, plaintiff's argument overlooks the oral evidence presented at trial. There was testimony presented which, if believed, would lead to the conclusion that Exhibit No. 2 was improperly bound, that the cover was too loosely stapled, and that this accounted for the failure of the cover to extend to at least the edges of the enclosed material. Plaintiff also testified that the defendant had not followed the usual procedure of having the booklets trimmed after binding, which would result in having the covers and enclosed material of exactly the same size. Plaintiff testified that had the covers been glued rather than stapled that they would have fit properly. The plaintiff put in evidence Exhibit No. 9, which purported to show that the covers as prepared by him, when properly trimmed, could be utilized to present a neat and workmanlike appearance. The defendant then introduced testimony in an attempt to show that plaintiff's Exhibit No. 9 was not probative since the material bound was not the defendant's lesson plans, which lesson plans defendant contended could not be trimmed enough to fit within the plaintiff's covers.

It is apparent that the testimony of the witnesses was of substantial importance in determining the probative value of the exhibits. There was substantial evidence presented by the plaintiff that the covers as delivered by him conformed to the requirements set by the contract. The evidence presented was conflicting, but on the basis of that evidence and of the testimony of the witnesses for the defendant, we cannot conclude that the trial court's finding was contrary to the great weight and clear preponderance of the evidence. It is apparent that exhibits that are the subject of so much conflicting testimony in regard to the accepted practices of a trade are not of a nature that can be evaluated *ab initio* by this court. The weight to be given the exhibits is largely dependent upon the testimony of witnesses, and the credibility to be afforded to their testimony is for the trial

court. The finding of the trial court that the plaintiff did the required work and furnished the required materials is a finding of fact that is not contrary to the great weight and clear preponderance of the evidence, and accordingly must be upheld.

Also at issue was the quantity of printed material ordered by the appellant and delivered by the respondent. Though the testimony in this respect was in conflict, the finding of the trial judge that the plaintiff furnished the ordered quantity of material is not contrary to the great weight and clear preponderance of the evidence.

While the trial judge found that the work of the plaintiff contained some errors, he found that these errors did not prevent their use of the material by the defendant for the purpose intended.

The trial court found that delivery was made to the defendant as soon as "feasible." Appellant contends that to support the judgment in this case, the finding should have been that the materials were furnished in a "reasonable" time. It is undisputed that, originally, Delap, the plaintiff, estimated that delivery would take a week and one half to three weeks. Subsequently, at the request of the defendant, the order was revised. There was testimony that no time limit was placed for performance of the revised agreement. Where there is no provision as to the time for performance, reasonable time is implied. 17 Am. Jur. (2d), Contracts, p. 764, sec. 329. "What constitutes a reasonable time within the facts of a given case presents a question of fact." *Shy v. Industrial Salvage Material Co.* (1953), 264 Wis. 118, 124, 58 N. W. (2d) 452. "Feasible" is defined as "capable of being done," "possible," and in certain instances "reasonable." Webster's Third International Dictionary (1965). If these terms are used objectively, it would appear that the respondent was held to a higher standard than "reasonable" time would imply. Undoubtedly, the term "reasonable" is to be preferred, but as used in the findings of the court, it is difficult to see how the appellant was damaged by

this standard. Had the trial court used the terminology and test that the appellant now urges, the result would be the same. *Medlock v. Schmidt* (1965), 29 Wis. (2d) 114, 122, 138 N. W. (2d) 248. Moreover, the record fails to show any evidence of unreasonable delay in performance. The record is devoid of any evidence of when the contract should reasonably have been completed.

Plaintiff testified that defendant was to pay the wholesale price, but that that price was available only when payment was in advance or on delivery. It is clear from the record that payment was not made. Accordingly, the trial court's determination that defendant was obligated to pay the full list price is not contrary to the great weight and clear preponderance of the evidence.

*By the Court.*—Judgment affirmed.