SECURITY INSURANCE COMPANY, Appellant, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and others, Respondents.

*No. 103 (1974). Argued September 3, 1975.—Decided September 30, 1975.*
(Also reported in 233 N. W. 2d 386.)

748

For the appellant there was a brief by *Kaftan, Kaftan, Kaftan, Kuehne & Van Egeren, S. C.* of Green Bay, and oral argument by *Fred F. Kaftan.*

For the respondent Department of Industry, Labor & Human Relations the cause was argued by *Stephen M. Sobota,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general; for the respondents Threshermen's Mutual Insurance Company and Town of Woodville, there was a brief by *Boyle & Wagner* of Fond du Lac, and oral argument by *Michael Wagner.*

HANLEY, J. The following issues are presented on appeal:

1. Was a valid policy of workmen's compensation coverage in effect by the activities of appellant, such that the requirements of cancellation under sec. 102.31 (1) (a), Stats., had to be met before coverage would cease?

2. Does the language of sec. 102.31 (1) (a), Stats., require the filing of a written notice of cancellation with the department in all cases even if the insured had procured coverage with another insurer?

3. Should the appellant insurer or correspondent insurer be awarded costs?

*Existence of a policy by sec. 102.31 (1) (a), Stats.*

The commission's order that appellant is obligated to provide benefits to the injured worker is based on the undisputed fact that the appellant did write a policy of workmen's compensation insurance with a termination date of December 12, 1968, that a "daily" to this effect was sent to the rating bureau and that no effective cancellation occurred prior to the accident. It was further noted that a report of such insurance daily was forwarded to the ILHR Department's workmen's compensation division, pursuant to sec. 205.08 (5), Stats. Without amplification in the order, the commission and Threshermen's apparently felt that a valid contract of insurance was in effect.

In response to the appellant's claim that no complete contract existed, the trial court acknowledged this contention and explained the existence of insurance as an independent (of contract) insured status of the worker, arising as a "distinctive" feature of compensation insurance. The filing of the daily and the subsequent notice to the workmen's compensation division were apparently the significant acts indicating such status.

The attorney general acknowledges this line of reasoning but additionally cites *Piscitello v. Boscarello* (1931),

113 Conn. 128, 154 Atl. 168, to the effect that the filings made were legally significant acts creating the insured status. The declarations of coverage made in the report are a representation that the insurer is estopped to deny. Such reasoning may be sound in a situation where the employee is left without coverage. Here, Threshermen's policy of insurance furnished full coverage.

It is clear that although Security did write a policy of workmen's compensation for the town of Woodville to take effect on December 12, 1967, such policy never ripened into a contract. The existence of an insurance contract is a matter of contract law. 1 Couch, *Insurance* (2d ed.), p. 30, sec. 1:4; *Bulman v. Bulman* (1955), 271 Wis. 286, 289, 73 N. W. 2d 599; *Weed v. Lepianka* (1966), 30 Wis. 2d 198, 205, 140 N. W. 2d 305.

In *Weed*, the insurance company forwarded automobile insurance renewal policies to its agent, without request of the insured. The agent was expected to sell them. When the claimant in *Weed* disregarded such sales attempts until suffering an accident, this court reaffirmed the trial court's ruling that no contract had previously existed. " '. . . [A] renewal cannot be effected or consummated without the mutual assent of the parties and a meeting of the minds of the parties on all the essentials of the contract, and a new consideration.' " *Weed, supra,* at 205.

In this case, a lack of mutual assent to contract was clearly demonstrated in the town's refusal of the policy. The lack of delivery and nonpayment of premiums, while having no independent significance here, evidence the mutual understanding that appellant's policy was not in effect.

Case law from other jurisdictions would agree that the refusal of the compensation policy by the potential assured prevents a contract from ever existing. *Knox County Feed and Hatchery, Inc. v. Ivers* (1960), 130 Ind. App. 481, 166 N. E. 2d 132; *Employers Mut. Liabili-*

*ty Ins. Co. v. Howard* (Tex. Civ. App. 1956), 286 S. W. 2d 302.

The appellant incorrectly states that the finding of coverage "imposes" a contract. The adherence to the filing urged here does not create a contract with the listed insured, but rather creates an estoppel to deny the statutorily defined benefits for the named insured's employees while the record stands uncorrected. Contracts of insurance are never created by estoppel. *Kamikawa v. Keskinen* (1969), 44 Wis. 2d 705, 711, 172 N. W. 2d 24.

Even as so stated, appellant's contention that the statutes reveal no such obligation has merit. The estoppel in *Piscitello* is without clear statutory support and is at best implied by that court in effectuating the purpose of providing coverage benefits to workers. Thus, the coverage imposed on appellant is unwarranted.

Although neither the independent insured status followed by the reviewing court nor the estoppel of *Piscitello* separately compel that the judgment be upheld, there is merit to requiring that estoppel be applied in some circumstances. When the activity of an insurer under the requirements of sec. 205.08 (5), Stats., would leave an employee without the benefits guaranteed by the act, then the rationale of *Piscitello* is sound. If another insurer has made a valid contract to cover the injured employee, then the insurer of erroneous record need not be estopped from denying his filing. This acknowledges the contractholder's duty to provide full coverage, sec. 102.31 (1) (a).

Since respondent Threshermen's was already on the risk in this case, the worker Beach was not jeopardized by the appellant's failure to correct its filing. The judgment of the circuit court upholding the order must be reversed.

The negative answer to the first issue eliminates the need for analysis of the second issue.

*Costs.*

Both insurance parties to this appeal request the award of costs, both for the action in the trial court and for this appeal.

The statutory provision, sec. 102.26 (1), Stats., reads in its pertinent section:

". . . In proceedings to review an order or award, costs as between the parties shall be in the discretion of the court, but no costs shall be taxed against the department."

In commencing its appeal to the circuit court, appellant requested costs. No order for costs was provided in the judgment. Unlike sec. 251.23, Stats., governing costs on appeals in general to this court, sec. 102.26 (1) does not imply costs for the prevailing party. ". . . [C]osts are not to be taxed unless the court expressly orders costs." *Rice Lake Creamery Co. v. Industrial Comm.* (1962), 17 Wis. 2d 177, 180, 115 N. W. 2d 756. That provision also governs on ch. 102 appeals that reach this court. *Rice Lake, supra,* 180, 181.

Appellant requests costs because "The real party involved in the dispute with appellant . . . is Threshermen's Mutual." Certainly, Threshermen's has been a party throughout the dispute, before examiners, commission, circuit court and in this court. However, appellant was brought into the dispute initially by the complaining employee who, at that time, was adverse to appellant and Threshermen's. Appellant charges that Threshermen's is "hiding behind statutes intended for protection of employees." The statutes involved are most forcefully asserted by the ILHR Department on this appeal for which Threshermen's cannot be faulted. It has every right to assert those legal arguments pertinent to the issue. We find little reason supporting the appellant's request for costs and conclude that no costs be allowed.

*By the Court.*—Judgment reversed and no costs to be awarded to either party.