[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff in this case, Travelers Property Casualty Corporation f/k/a Aetna Casualty and Surety Company will be referred to in this memorandum as The Aetna Casualty and Surety Company. Also, the defendant, CGU Insurance f/k/a Commercial Union Insurance Companies will be referred to in this memorandum as Commercial Union Insurance Companies. The facts of the underlying action all took place while these companies were known by their former designations.
This is an action in three counts brought by the plaintiff seeking reimbursement from Commercial for sums which it, Aetna, paid by mistake to one Brian Stickney, an injured employee of Sunlight Construction Company, which company plaintiff alleges was insured by Commercial not by Aetna. The First Count of the Revised Complaint is a Claim for Declaratory Relief, the Second Count is based on Equitable Subrogation; and the Third Count is based on a Claim for Unjust Enrichment.
In addition to a general denial of all pertinent allegations, the defendant issued eight Special Defenses. These Special Defenses range from allegations that the plaintiff has failed to allege sufficient facts upon which a declaratory judgment action may be maintained to failure to name all persons interested; claims that the plaintiff doesn't have standing to adjudicate the claims; claims that the plaintiff failed to file notice of cancellation of its policy in accordance with General Statute § 31-348, causing the policy to remain in effect at the time of the employee's injuries; and that all of the claims made by the plaintiff are barred by the Statute of Limitations and by laches.
The facts of this case are as follows: Aetna issued a Workers' Compensation policy to Sunlight Construction on April 11, 1984, which would expire on April 11, 1985. In December 1984, Aetna notified Sunlight CT Page 2560 that it was canceling its policy for non-payment of premiums. It did not notify the Workers' Compensation Board in accordance with the requirements of General Statutes § 31-348. On January 17, 1985, Commercial issued a Workers' Compensation Policy to Sunlight. Defendant accepted premiums for the policy that it issued. Defendant did not notify the Workers' Compensation Board of its issuance of the policy as required by General Statutes § 31-348. On February 7, 1985, Stickney was injured in a slip and fall case during the course of his employment. The total sum paid to Stickney was $51,822.90.
The plaintiff admits that it made a mistake. The plaintiff did not become aware of this mistake until some time in 1991 but took no action to correct same until October 26, 1992, almost seven years, two hundred and sixty-two days after Mr. Stickney's injury, at which time it moved to reopen and modify a certain voluntary agreement that it had entered into in this matter. This motion to reopen and modify the agreement was opposed by the defendant. Various appeals were taken until the matter was brought before the Connecticut Supreme Court which issued a ruling adverse to the plaintiff on May 25, 1999. The plaintiff brought this current action on May 22, 2000.
On July 31, 2002, the defendant brought this motion for summary judgment on three grounds: claiming that there is no genuine issue of material fact; plaintiff did not cancel the Workers' Compensation insurance policy that it had issued to Sunlight Construction in accordance with the mandatory requirements of General Statutes § 31-348
and therefore the policy remained in effect at the time of Brian Stickney's injury. The defendant also claims that there is no genuine issue of material fact; the causes of action set forth in Counts One, Two and Three of the Plaintiff's Revised Complaint are all barred by the applicable Statute of Limitations and or the Doctrine of Laches. The defendant finally claims that there is no genuine issue of material fact, since any and all damages and losses sustained by the plaintiff for which it now seeks reimbursement were proximately caused by the plaintiff's own actions and misconduct in failing to properly investigate Brian Stickney's Workers' Compensation claim and in failing to check and confirm that it had coverage for Mr. Stickney's claim prior to accepting and making payments on said claim.
The defendant has filed fifteen documents in support of its motion together with a memorandum in support of said motion. The plaintiff has filed a memorandum in objection to the motion for summary judgment together with ten documents in support of its allegation. The defendant has filed a memorandum in reply to the plaintiff's objection. CT Page 2561
In the opinion of this court, the motion for summary judgment should be granted as to each of the three grounds relied on by the defendant. The plaintiff did not cancel the Workers' Compensation insurance policy that it had issued to Sunlight during the period from April 11, 1984 to April 11, 1985 in accordance with the mandatory requirements of General Statutes § 31-348. As a result that policy remained in effect at the time of Stickney's injury on February 7, 1985 and the plaintiff is barred from denying coverage for said injury. Rossini v. Morganti, 127 Conn. 706,708 (1940); Piscitello v. Boscarello, 113 Conn. 128, 131 (1931).
In the opinion of this court the plaintiff's claims against the defendant are also barred by any applicable Statute of Limitations or reposes. The plaintiff's claims against the defendant are time barred. CGS § 52-576 (six-year Statute of Limitations for action on a written contract); CGS § 52-577 (three-year Statute of Limitations for tort action); CGS § 52-581 (three-year Statute of Limitations for action on oral contract); CGS § 52-584 (two-year Statute of Limitations for negligence action); CGS § 31-294 (one-year period of limitation to file a written notice of claim for compensation). See Silberman v.McLaughlin, 129 Conn. 273, 278-79 (1942).
Since this is brought as a subrogation action, the court notes that a party exercising the right of an insurer through subrogation obtains no greater or different rights against an alleged wrong-doer than the insured had, and that when an insured's right to bring an action is barred by the Statute of Limitations, then the insurer's right to bring an action is also barred because an insurer can take no more by subrogation than the insured possessors. Orselet v. DeMatteo,206 Conn. 542, 546-47 (1988). See also Century Insurance Company v.Buy-Rite Fuel Oil, Inc., 1994 W.L. 547862 (Hodgson, J., Sept. 26, 1994).
As to the plaintiff's claim that this was an equitable action and the Statutes of Limitations do not apply, the court notes that in Silvermanv. McLaughlin, supra, the court held that an action for declaratory judgment is "a statutory action and not one in equity." Where a party seeks equitable relief pursuant to a cause of action that would also allow that party to seek legal relief, concurrent legal and equitable jurisdiction exists and the Statute of Limitations that would be applicable to bar the illegal claim, also applies to bar the equitable claim. Dowling v. Finley Associates, Inc., 49 Conn. App. 330, 335
(1998). See also Arrigoni v. Adorno, 129 Conn. 673, 681 (1943); more than six years and one hundred and eight days had elapsed since the date of Mr. Stickney's work injury and the defendant's formal notification on May 30, 1991, informing the defendant of Mr. Stickney's Workers' Compensation claim. CT Page 2562
The defendant claims that all damages and losses sustained by the plaintiff for which it now seeks reimbursement were proximately caused by the plaintiff's own actions and misconduct. The court is in agreement that such losses were caused by the plaintiff's own actions but finds they fall short of misconduct. However, it is clear from all of the information submitted by both parties that there is no question but that the plaintiff failed in every respect to perform the various functions by which an insurance company and by which its own employees would have been able to determine that the policy had not been cancelled.
The court finds that there is no genuine issue of material fact that the plaintiff did not cancel a Workers' Compensation insurance policy that it had issued to Sunlight Construction Incorporated in accordance with the mandatory requirements of CGS § 31-348, that therefore said policy remained in effect at the time of Brian Stickney's work injury and the plaintiff is now barred from claiming that its policy was not in effect at said time and from claiming that it is entitled to any of the legal, equitable or statutory relief alleged in its complaint. The court further finds that there is no genuine issue of material fact that the causes of action set forth in Counts One, Two and Three of the plaintiff's revised complaint are all barred by the applicable Statute of Limitations. The court also finds that there is no genuine issue of material fact, that any of the damages and losses sustained by the plaintiff for which it now seeks reimbursement were proximately caused by the plaintiff's own actions and failure to properly investigate Mr. Stickney's Workmens' Compensation claim.
The judgment for summary judgment is granted and judgment may enter for the defendant CGU Insurance f/k/a Commercial Union Insurance Company.
Hale, JTR CT Page 2563