FRANCIS E. McCARTHY vs. JAMES B. RENDLE & others.

Suffolk.    March 13, 1918. — April 9, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Insurance*, Against liability: notice.   *Equity Jurisdiction*, To reach and apply casualty insurance to satisfaction of judgment for bodily injury.

In a suit in equity under St. 1914, c. 464, by one who had recovered judgment against certain bridge builders for bodily injuries, to reach casualty insurance in a certain insurance company and apply it to the satisfaction of such judgment, the insurance policy on which the claim was brought contained the following condition: "The assured upon the occurrence of an accident shall give immediate notice thereof to the Company, or to its authorized Agent, with the fullest information obtainable. He shall give like notice with full particulars of any claim made on account of such accident. . . ." It appeared that the plaintiff was an inspector in the employ of the metropolitan park commission and that on a certain day his leg was scalded by a jet of steam or boiling water coming from an engine operated by workmen of the bridge builders who were constructing a bridge for that commission, that immediately upon receiving the injury the plaintiff walked away from the job unaided, had his leg bandaged at the office of the commission and went home, that the next day he returned to work and remained on the job for eight days, when his leg became worse and he went home, that he remained at home for twelve days, that during this time he called in attorneys, and that they on the last of the twelve days mailed a letter to the bridge builders containing a full statement of the accident and of his claim and that two days later the bridge builders sent to the insurance company a letter enclosing the letter of the attorneys, which was received in due course, that the plaintiff did not notify the bridge builders that he was injured nor make any claim for his injury until the letter of his attorneys was sent to them, but that the foreman of the bridge builders learned of the injury at some time during the day on which it happened and notified the bridge builders of it within a week, who assumed from the fact that the plaintiff had gone back to his work and had made no complaint that his injury was a trifling one. *Held*, that there could be no recovery on the policy because the condition in regard to notice was not complied with, the policy having required immediate notice of the occurrence of an accident, regardless of any claim for damages or the amount of damages sustained, and such requirement being a reasonable one.

In the case above described it was *pointed out* that the fact, that the person injured had a reasonable and *bona fide* doubt as to the existence of any injury or any liability, could not deprive the insurer of its contractual right under the policy to have immediate notice of the occurrence of an accident regardless of any claim that might be founded on it.

BILL IN EQUITY, filed in the Superior Court on October 30, 1917, under St. 1914, c. 464, by Francis E. McCarthy, who had

recovered judgment against the defendants Rendle and Stoddard, a firm of bridge builders, for bodily injuries, to reach and apply to the satisfaction of such judgment casualty insurance of those defendants in the defendant insurance company.

In the Superior Court the case was heard by *Fox,* J., who made a memorandum of decision containing the facts that are stated in the opinion. Upon these facts the judge found that the requirements of the policy respecting notice had been complied with, and that the plaintiff was entitled to a decree. At the request of the defendant insurance company he reported the case for determination by this court. If the ruling of the judge was correct, a decree was to be entered in favor of the plaintiff McCarthy in the sum of $1,547.10 with interest from September 24, 1917, together with costs. If the ruling was wrong as a matter of law, a decree was to be entered dismissing the bill with costs to the defendant insurance company.

*L. C. Doyle,* for the defendant insurance company.

*L. Withington,* (*W. R. Sears* with him,) for the plaintiff.

PIERCE, J. This is a bill in equity under St. 1914, c. 464, to recover against the Travelers Insurance Company a judgment debt which the plaintiff previously had obtained against the defendants Rendle and Stoddard in an action at law.

It was agreed at the trial that the Travelers Insurance Company had on January 6, 1915, in full force and effect a policy of liability insurance insuring Rendle and Stoddard, a co-partnership, from loss or damage caused by injuries to the public for which they might be liable, and that this policy covered the liability of Rendle and Stoddard for the accident to the plaintiff. The policy contained the following provision: "This agreement is subject to the following conditions: . . . D—The assured upon the occurrence of an accident shall give immediate written notice thereof to the Company, or to its duly authorized Agent, with the fullest information obtainable. He shall give like notice with full particulars of any claim made on account of such accident. . . ." The presiding judge found as a fact that there was no waiver, and at the request of the Travelers Insurance Company reported the case to this court to determine whether "upon my findings of facts, my ruling that the requirements of the policy respecting notice have been complied with, is correct."

The reported facts are as follows: On January 6, 1915, the plaintiff's leg was scalded by a jet of steam or boiling water coming from an engine operated by one of Rendle and Stoddard's workmen. The plaintiff was an inspector working for the metropolitan park commission, and Rendle and Stoddard were contractors who were constructing a bridge for the commission. "Immediately upon receiving the injury McCarthy walked away from the job unaided, had his leg bandaged at the office of the commission, and went home. The next day he returned to work and remained upon the job until January 14, when, his leg becoming worse, he went home and remained at home until after January 26. Between January 14 and January 26 he called in attorneys, and they, on January 26, mailed a letter to Rendle and Stoddard containing a full statement of the accident and the claim, and on January 28 Rendle and Stoddard sent to the insurance company a letter enclosing the letter of the attorneys, which was received by the company January 29. No claim is made that this notice when received was not a sufficiently full notice of the nature of the accident and of the claim. But this was the first notice of the accident received by the company and upon its receipt the company objected that it came too late. McCarthy did not notify Rendle and Stoddard that he was injured, nor make any claim for his injury before the letter of his attorneys was sent to them. They learned of the occurrence from their foreman (who, it is agreed, was not present at the time, but learned of it during the same day), within a week after January 6. They assumed, however, and had a right to assume, from the fact that McCarthy was back upon his job and made no complaint, that his injury was trifling."

The question presented is whether the fact, found by the judge, that "they [Rendle and Stoddard] assumed, . . . and had a right to assume, from the fact that McCarthy was back upon his job and made no complaint that his injury was trifling," was a sufficient justification as a matter of law for their failure to give notice of "the occurrence of an accident" for a period of at least fifteen days after "they learned of the occurrence from their foreman."

Within the week after January 6, 1915, and between January 14 and 28, 1915, when they gave notice of the accident to the

insurance company, Rendle and Stoddard knew of the "occurrence of the accident," that is, they knew that the plaintiff on January 6, 1915, had had his leg "scalded by a jet of steam or boiling water" coming from an engine operated by one of their workmen. In passing, it must be said that in the reported facts there is not the slightest support for the suggestion of the plaintiff that the phrase "the occurrence" used by the judge in "they learned of the occurrence from their foreman," was intended by him to summarize or characterize a series of events having their origin as a practical joke upon the plaintiff as the victim. Differing from policies that provide for "immediate notice" "upon the occurrence of an accident, and upon notice of any claim on account of an accident," *Anoka Lumber Co.* v. *Fidelity & Casualty Co. of New York*, 63 Minn. 286, which hold that the assured need not give notice until a claim is presented, but see *Underwood Veneer Co.* v. *London Guarantee & Accident Co. Ltd.* 100 Wis. 378; 11 Ann. Cas. 258, note, and cases collected, the policy in suit provides for immediate notice of "the occurrence of an accident" regardless of any claim for damages or of the amount of damage sustained or claimed. The policy then provides that the insured "shall give like notice with full particulars of any claim made on account of such accident." The reason for the first of the conditions is plain. The occurrence of an accident and injury, however slight, may result in litigation, even in protracted litigation. It is, the experience of every defender of causes that it is a matter of first importance to become possessed of all material facts and of the names and residences of all known witnesses at the earliest possible moment, as facts may be forgotten or distorted and witnesses may go beyond reach. It is an important provision in that it is "for the protection of the insurer against fraudulent claims, and also against those which, although made in good faith, are not valid." *Hatch* v. *United States Casualty Co.* 197 Mass. 101, 105, 106.

If we assume that the first knowledge of the "occurrence of an accident" which the insured had was on January 13, 1915, the last day of the week following the accident, the condition of the policy required that they should then "give immediate written notice thereof to the Company." Notice was not given until January 28, 1915. It is not contended that the failure to comply

with the requirements of the policy was due to ignorance of the occurrence of the accident, as was the case in *Mandell* v. *Fidelity & Casualty Co.* 170 Mass. 173, or that from the nature of the accident it was reasonably impossible during the period to determine whether there was or would be any bodily injury, as was the case in *H. P. Hood & Sons* v. *Maryland Casualty Co.* 206 Mass. 223, 226. For the application of a like rule under the workmen's compensation act see *Johnson's Case,* 217 Mass. 388; *Carroll's Case,* 225 Mass. 203. It is plain that the fact, that the insured has a reasonable and *bona fide* doubt as to the existence of any injury or of any liability, cannot be used to deprive the insurer of his contractual right to have an immediate notice of the occurrence of an accident, regardless of the damages that may be claimed to flow from that accident.

We are of opinion that the ruling was wrong as a matter of law, and in accordance with the terms of the report a decree must be entered dismissing the bill with costs as to the defendant insurance company.

*Decree accordingly.*