VANDE LEEST, Plaintiff and Respondent, vs. BASTEN, Defendant and Respondent: YORKSHIRE INDEMNITY COMPANY OF NEW YORK, Defendant and Appellant.

*November 9—December 8, 1942.*

For the appellant there were briefs by *Kaftan, Rahr & Kaftan* of Green Bay, and oral argument by *J. Robert Kaftan* and *Robert A. Kaftan*.

For the respondent Clayton Vande Leest there was a brief by *Alk, Kresky, Cohen & Hughes* of Green Bay, and oral argument by *Meyer M. Cohen*.

For the respondent Jacob C. Basten there was a brief by *Chadek, Cornelisen & Denissen* of Green Bay, and oral argument by *Frank P. Cornelisen*.

WICKHEM, J. Plaintiff's complaint alleges that on November 22, 1939, at about 5:30 in the evening, plaintiff was operating a motorcycle on Willow street in the city of Green Bay; that defendant, Basten, was driving in an easterly direction just ahead of plaintiff, and in the lane of traffic closest to the right curb; that as Basten approached the intersection of St. George and Willow streets, he brought his car to a stop, whereupon plaintiff proceeded to pass the Basten car in the lane of traffic nearest the center of the highway; that as he was about to pass, Basten started his automobile, turned it to the left across the lane of travel of plaintiff's motorcycle, causing plaintiff to veer out of his course, lose control, and crash into a telephone pole.

These allegations were put in issue by Basten. The Yorkshire Indemnity Company alleged that it had no knowledge of the accident, or of plaintiff's claim until November 18, 1941; that its interests were prejudiced by failure of Basten to give notice in accordance with its policy of insurance, which requires as a condition precedent to coverage that the insurer be given written notice of the accident as soon as prac-

ticable; that as a consequence, Basten lost his coverage, and the Insurance Company sustains no liability for plaintiff's damages. The allegations of the complaint are also put in issue.

Basten cross-complained against the Insurance Company and set up that there was no contact between his vehicle and that of plaintiff; that Basten's car was not so maneuvered as to affect plaintiff's course of travel; that plaintiff simply lost control of his vehicle and hit a post; that defendant, Basten, stopped and rendered him such assistance as possible and detailed the circumstances to police officers, who advised him that it was not necessary to make a report of the accident to the police as he was not a participant but merely a witness; that defendant, Basten, heard nothing more concerning the accident until several weeks later when a newspaper published the information that plaintiff had pleaded guilty to charges of improper driving in passing Basten's car at the intersection. Basten alleges that the Indemnity Company had notice of the accident on April 18, 1941; that Basten had no notice that plaintiff was making any claim against him until the summons was served, whereupon he promptly gave notice.

The Indemnity Company moved for summary judgment and set forth the policy provisions requiring written notice of accidents "as soon as practicable;" that Basten did not give such notice; that the Indemnity Company knew nothing of the accident until nearly two years after its occurrence.

Basten filed a counteraffidavit stating that on November 22, 1939, at about 5:30 in the evening he was operating his automobile east on Willow street in the lane immediately south of the center of Willow street, it being his intention to make a left turn into St. George street; that because of traffic approaching from the opposite direction, he stopped his automobile at the intersection; that at this time plaintiff was operating a motorcycle in an easterly direction on Willow street at an unlawful rate of speed without keeping a proper

lookout, operating to the left of the center of the highway, and attempting to pass vehicles at the intersection; that as the plaintiff approached the rear end of the automobile of Basten he was driving to the left of the center of the highway at an excessive rate of speed and lost control of the motorcycle, colliding with a telephone pole; that there was no collision between the motorcycle and defendant's car and that neither defendant nor his car had any part in causing the accident; that defendant gave assistance to plaintiff and conferred with police officers, who assured him that he would not be required to report the accident to the police, since he was only a witness and not a participant; that defendant in good faith assumed that he was not a participant and considered it unnecessary to report it either to the police or to the Indemnity Company; that the only time that he heard of this accident since its occurrence and prior to the service of a summons and complaint was when a newspaper article disclosed that plaintiff had been arrested and had pleaded guilty to the charge of attempting to pass defendant's automobile at an intersection; that at no time had defendant any knowledge or information or reason to believe that plaintiff was making any claim for damages against him until service of the summons and complaint; that defendant has at no time knowingly withheld any information from defendant.

Upon these affidavits the trial court held that there was an issue of fact to be tried, and denied a summary judgment. The ruling was correct. A considerable amount of appellant's brief deals with the question whether as a matter of law the facts disclose prejudice to the insurer by reason of its failure to receive notice of the accident. If this argument were material it would be difficult to answer. We are persuaded, however, that the material question is whether insured complied with his obligation to report this accident as soon as practicable, and that as to this, a substantial issue of fact is disclosed. The requirement in the policy that notice be given to insurer as soon as practicable must receive a reasonable con-

struction. It is not the duty of the insured to make a report unless he has reasonable grounds to believe that he is a participant in an accident. Thus, if a car on the highway, after passing the car of insured, should proceed some distance up the highway and have an accident, the insured could under the circumstances reasonably conclude that he was in no way involved, and there would be no obligation to report. If in this case the insured in no way interfered with, or affected, the line of travel of the plaintiff, and if, as appears to be conceded, there was no contact between the vehicles and what simply happened was that plaintiff by reason of his high speed and negligent conduct lost control of his motorcycle, it would be open to a jury to conclude that insured had no reasonable grounds for supposing that he was a participant in the accident. This issue is made more substantial by affidavits to the effect that the police advised him that he was not a participant; that he knew of plaintiff's plea of guilty to a charge of negligent driving and that he had had no claims made against him until the service of the summons and complaint, nearly two years after the accident.

If, on the other hand, plaintiff can convince the court or jury that Basten turned into plaintiff and compelled him suddenly to shift his car to avoid contact, a different conclusion would be warranted.

In view of the fact that there is a substantial issue, whether insured was or had any reason to suppose that he was involved in an accident, we do not deem it necessary to consider the materiality of respondent's claim that there is also an issue with respect to whether insured had any reasonable ground to believe that a claim would be made against him by plaintiff. (In connection with this contention, see *Southern Surety Co. of New York v. Heyburn,* 234 Ky. 739, 29 S. W. (2d) 6; *National Paper Box Co. v. Ætna Life Ins. Co.* 170 Mo. App. 361, 156 S. W. 740; *Farrell v. Nebraska Indemnity Co.* 183 Minn. 65, 235 N. W. 612.)

*By the Court.*—Order affirmed.