BAKER, Appellant, vs. LEENHOUTS and others, Respondents.*

*October 4—November 8, 1950.*

* Motion for rehearing denied, with $25 costs, on January 9, 1951.

*Norman L. Baker* and *Norman J. Baker,* both of Milwaukee, for the appellant.

For the respondents there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

GEHL, J.   Plaintiff failed to make Wisconsin income tax returns for 1943, 1944, and 1945. The assessor of incomes, acting pursuant to the provisions of sec. 71.09, Stats. 1945, gave due notice to him that unless he made such returns within a specified time "doomage" assessments of income taxes would be made against him. The "doomage" assessments were made.  Sec. 71.09 provides:

"71.09. *Power of assessment; filing returns; penalties.* . . .
"(4) (a) Whenever in the judgment of the assessor of incomes any person other than a corporation shall be subject to income tax in his district under the provisions of this chapter, he shall notify such person to make report to him on or before March fifteenth of each year in such manner and

form as the department of taxation shall prescribe, specifying in detail the amounts of income received by him from all sources, together with the amounts of income received by his dependents, his wife, and each child under eighteen years of age residing together with him as members of the family, and such other information as the department shall deem necessary to enforce the provisions of this chapter. . . .

"(6) In case of the failure on the part of any person to make a report of income within the time and in the manner prescribed by law, the department of taxation or assessor of incomes may enter an assessment against said person upon ten days' notice in writing in a sum of not less than five hundred dollars. Such notice may be served by mail. After the tax on such assessment has been entered on the assessment roll the person assessed shall be forever barred from questioning the correctness of the same in any action or proceeding. . . ."

As has been stated, the trial judge found that plaintiff spent in the aggregate more than seven months of each of the years in question in Wisconsin, and concluded that therefore he was to be deemed to be residing within the state for the purposes of determining liability for income taxes and surtaxes. The assessments were authorized by the provisions of sec. 71.01, Stats., the material portions of which are:

". . . every other natural person who . . . spends in the aggregate more than seven months of the income year within the state, shall be deemed to be residing within the state for the purposes of determining liability for income taxes and surtaxes."

Plaintiff challenges the finding. The trial judge in his memorandum opinion discusses in some detail the evidence and circumstances which prompted the finding. His analysis, which describes in a general way the nature of plaintiff's testimony which bears upon his claim that he spent more than five months of each year outside the state, and a thorough examination of the record convinces us that there is ample support for the finding. The learned trial judge said:

"It is quite apparent from the entire testimony of plaintiff that he so construed the seven-months provision of sec. 71.01 as to make necessary or appropriate a mathematical computation of the exact number of days during which he was physically absent from the state of Wisconsin in order to determine the fact as to whether he 'spends in the aggregate more than seven months of the income year within the state.'

"I am of the opinion that such method of computation is not contemplated by the statute in question. Pleasure trips with his wife at week ends and business trips by the plaintiff on behalf of his employer should not be excluded from the time 'spent' in the state of Wisconsin. In making such trips the plaintiff always intended, after attaining the objective of the trip, to return to his headquarters which were unquestionably in Milwaukee. I am of the opinion that where one spends most of the 'weekdays,' that is, from Monday to Friday (except his vacation periods), in a place where he has all of his business activities that he thereby 'spends' in the aggregate more than seven months of the income year within the state."

Plaintiff contends that the provisions of sec. 71.01, Stats., are unconstitutional and invalid and that he did not waive such claim. The plaintiff served and filed a complaint and two amended complaints. No question as to the constitutionality of the statute was raised in either of the pleadings, nor was there such claim made in plaintiff's briefs prior to the original decision of the court. No mention of such claim was made until upon "plaintiff's motion for rehearing in respect to the effect of sec. 71.01, Wisconsin statutes" he filed a brief in which he raised the question. He offers as one of the reasons for his failure to make such claim earlier the assertion that he was "so satisfied that the question was so well settled that the provision was invalid and unconstitutional, that he considered it unnecessary . . . to present any argument to that effect to the circuit court," and cites *Newport Co. v. Tax Comm.* 219 Wis. 293, 261 N. W. 884, as establishing the invalidity of the statute. That case related to

the taxation of the income of a corporation which is not a natural person. It is not applicable here. If his contention as to the invalidity of the statute might otherwise be considered the reason given for his failure to raise the question does not suffice.

In accord with the rule that "the constitutionality of a statute cannot be raised for the first time in an appellate court of a state or upon a rehearing in a civil case," 11 Am. Jur., Constitutional Law, p. 772, sec. 125, we have held that,—

"It is well settled that constitutional rights, as well as any other personal or property right, may be waived." [Citing cases.] *Booth Fisheries Co. v. Industrial Comm.* 185 Wis. 127, 132, 200 N. W. 775.

"It is the duty of a person who claims that an ordinance invades rights guaranteed by the constitution to raise that question at his earliest opportunity." *Hayes v. Hoffman,* 192 Wis. 63, 70, 211 N. W. 271.

Plaintiff contends that because sec. 71.01, Stats., confers no benefit upon him and he sought none under its provisions he is not now estopped to assert its invalidity and cites *Wendlandt v. Industrial Comm.* 256 Wis. 62, 67, 39 N. W. (2d) 854. Language is used in the opinion filed in that case which would seem to support his claim, but it should be observed that in that case the court pointed out that "the record does disclose that the unconstitutionality of the act was directly and positively asserted early and, certainly, as soon in the proceedings as it could be submitted to a judicial tribunal." That is not the case here. As we have pointed out, plaintiff did not assert his claim of the invalidity of the statute until after all of the issues had been determined in the trial court.

Plaintiff's contention that because the statute confers no benefit upon him and he sought none under its provisions he is not precluded from his attack upon its validity assumes that the department relies upon the rule of estoppel. The department invokes the doctrine of waiver, not estoppel, and we

agree that there has been a waiver which requires denial of the relief sought.

The determination of the issues here considered makes it unnecessary for us to determine the other matters treated by counsel.

*By the Court.*—Judgment affirmed.

MARTIN, J., took no part.