CONRARDY and wife, Appellants, vs. SHEBOYGAN COUNTY, Respondent.

*April 4—May 1, 1956.*

For the appellants there was a brief by *Federer, Grote, Hesslink & Rhode* of Sheboygan, and oral argument by *Theodore Grote.*

For the respondent there was a brief by *David Weber,* district attorney, and *Alexander Hopp,* assistant district attorney, and oral argument by *Mr. Weber.*

BROADFOOT, J. The plaintiffs contend that the jury's finding that the highway defect had not existed a sufficient

length of time prior to the collision to give notice thereof to the county is contrary to the evidence and to the law. The plaintiffs called one witness who testified that the defect in the highway had existed from the end of February or the beginning of March, 1952. Another witness, a police officer of the Sheboygan police department, testified that he saw the hole in the highway a month and a half or two months before the accident.

On behalf of the defendant county, several witnesses testified that they had traveled over the highway prior to the date of the accident and that they had not seen the hole therein. One was a county traffic officer who testified that he had driven over that highway within a week prior to the accident and that he did not see the hole on that occasion, and that as traffic officer he noted highway defects and notified the highway department of any that he discovered. The highways within the county were divided into sections, each of which was in charge of a foreman. County Trunk EE was in section 2, and the foreman of that section testified that every week he or one or more of his men checked every mile of highway therein. He testified that County Trunk EE was inspected the week before the accident and that the whole of said road had been patched during the week prior to May 20, 1952, and that there was no hole therein on the day the patching was done. Another highway employee testified that he drove over the road in question frequently prior to May 20, 1952, and that he did not recall seeing any hole therein.

The plaintiffs contend that the testimony adduced on behalf of the county was purely negative testimony and was insufficient to raise an issue of fact for the jury to determine, in the face of the positive testimony of the plaintiffs' witnesses that the hole had been in the highway for approximately two and one-half months.

"The weight to be attached to the witnesses' testimony must be left to the jury; negative testimony is admissible,

and, together with corroborating circumstances, it may outweigh positive testimony." 3 Jones, Evidence, Civil Cases (4th ed.), p. 1679, sec. 898b.

In a footnote to that statement reference is made to the case of *Richter v. Dahlman & Inbush,* 179 Wis. 7, 190 N. W. 841. In its decision in that case this court said (p. 10) :

"It is undoubtedly the rule that the testimony of a credible witness that he saw or heard a particular thing at a particular time and place is more reliable than that of an equally credible witness who, with the same opportunities, testifies that he did not hear or see the same thing at the same time and place. It is also well settled that evidence may be negative in form and yet given under such circumstances that the rule does not apply."

If the county had merely called residents of the area and they testified that they did not see the hole in the highway at the point in question, such testimony would be of little value. People engaged in different pursuits naturally are interested in and tend to observe different things. An undertaker will observe new graves in cemeteries along the highway. Monument salesmen will observe newly erected monuments therein. Utility men will observe the construction of poles and wires. Highway officers and employees are interested in and tend to observe highways, noting the defects as well as the good points of maintenance and repair. Thus as circumstances are added they tend to increase the probability that the witness would have observed the thing in question. The opportunity to observe and the likelihood of observing may be so favorable that a denial by a witness that a hole in the highway was present, though negative in form, may carry more weight with a jury than the contrary positive testimony of another witness. The strength or weakness of negative testimony depends upon all of the circumstances and its weight is for the jury. In addition thereto the testimony of the highway section foreman that the whole of

County Trunk EE was patched during the week prior to May 20, 1952, is entitled to weight. A jury question was clearly presented and there was ample evidence to support either an affirmative or a negative answer. Its negative answer, being amply supported by proper testimony, cannot be disturbed.

The plaintiffs quoted extensively from the decision in *Ward v. Jefferson,* 24 Wis. 342. That decision is fairly digested in the headnotes which read as follows:

"1. Where a highway has *suddenly* become deficient or out of repair, through some action of the elements, the town is not liable for resulting injuries, unless it had notice of the fact (or sufficient time to acquire knowledge by reasonable diligence), and also had time to repair the defect or guard travelers against the danger.

"2. Nor is the town liable when the injury resulted from a *latent* defect, of which it was ignorant, without negligence.

"3. But, apart from such circumstances, where one is injured (without negligence on his part) in consequence of a highway being out of repair, the town is *absolutely* liable; and the question whether it used ordinary care in keeping the highway in repair, cannot be submitted to the jury."

Although we cannot determine that the language in that decision has been expressly overruled, our decisions in later cases have certainly modified the language appearing therein. In *Morley v. Reedsburg,* 211 Wis. 504, 248 N. W. 431, it was expressly held that an action to recover damages sustained because of the insufficiency or want of repair of defects in a highway is an action for negligence. In *Lindgren v. La Crosse County,* 231 Wis. 347, 352, 285 N. W. 772, the following quotation from *Peake v. Superior,* 106 Wis. 403, 409, 82 N. W. 306, properly states the present law applicable in the present case:

" 'If the highway was originally constructed with reasonable safety, but afterwards became defective by action of the elements or the act of a third person, and a traveler was

injured thereby, the question whether the municipal officials had notice of the defect, or had exercised ordinary and reasonable care and diligence in inspecting the highway and repairing the defect, arises, and must be decided. In other words, the duty to make the street reasonably safe in its original construction is absolute; but the duty to discover and repair defects afterwards occurring, not by acts of the municipality, is one involving only ordinary and reasonable care and diligence.' "

It should be noted that in the *Ward Case, supra,* the defect was left in the highway at the time it was constructed. There is no contention in the present case that the defect in the highway was the result of improper construction in the first instance. The defect was due to a want of repair and it became a matter for the jury to determine from the evidence whether the county had knowledge thereof or whether sufficient time had elapsed for it, with reasonable diligence, to have acquired knowledge of the defect and to have put the highway in repair. That question was properly submitted to the jury and the jury's answer absolving the county cannot be disturbed since it was based upon sufficient credible evidence.

The plaintiffs also contend that the instructions of the court to the jury were inadequate. It is not claimed that any of the instructions were erroneous nor that the court refused to give any proper instructions requested by the plaintiffs. Under the circumstances we find no error in the court's instructions.

The determination by the jury that the county had insufficient notice, either actual or constructive, of the defect in the highway made the judgment herein necessary, and the further issues as to the negligence of Beverly Phillips in the operation of his automobile need not be determined.

*By the Court.*—Judgment affirmed.

CURRIE, J., took no part.