SANDERFOOT, Plaintiff, v. SHERRY MOTORS, INC., and another, Defendants and Respondents: UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Defendant and Appellant.

*November 30, 1966—January 3, 1967.*

For the appellant there was a brief by *Schlotthauer, Jenswold & Studt* and *Robert R. Studt,* all of Madison, and oral argument by *Robert R. Studt.*

For the respondents there was a brief by *Bradford & Gabert* of Appleton, and oral argument by *Stanley Gabert.*

BEILFUSS, J.   The issues are as follows:

(1) Was notice of the accident given "as soon as practicable" as required by the policy?

(2) If notice was not given "as soon as practicable," was Universal prejudiced by the fact that notice was given seven months after the accident?

(3) If Universal was prejudiced, has Universal waived or is it estopped from asserting its policy defense of lack of timely notice?

Universal relies upon the conditions in the policy and upon sec. 204.34 (3), Stats., in this appeal.  In the condition section of the insurance policy the following provisions are found:

"10.   **Notice of Accident.**   When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable.  Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

". . .

"13.   **Action Against Company.**   No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all

the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company . . . ."

Sec. 204.34 (3), Stats., provides:

"No policy of insurance, agreement of indemnity or bond as provided in subsection (1) shall limit the time for the giving of notice of any accident or casualty covered thereby to a period less than that provided in subsection (1) of section 204.29. Failure to give such notice shall not bar liability under such policy of insurance, agreement of indemnity or bond as provided in subsection (1) if the insurer was not prejudiced or damaged by such failure, but the burden of proof to so show shall be upon the person claiming such liability."

Sec. 204.29 (1), Stats., provides:

"No licensed accident or casualty insurance company in Wisconsin shall limit the time for the service of any notice of injury to less than twenty days, except as provided in section 204.31."

Universal concedes that if notice was given "as soon as practicable," then sec. 204.34 (3), Stats., has no application to this case. Universal contends, however, that in view of the fact that it did not receive notice until seven months after the accident, as a matter of law, notice was not given as soon as practicable.

In support of its position Universal cites *Parrish v. Phillips* (1938), 229 Wis. 439, 282 N. W. 551, in which the court held that a thirty-three-day delay in giving notice was not "as soon as practicable" as a matter of law. In further support of its position Universal cites *Calhoun v. Western Casualty & Surety Co.* (1951), 260 Wis. 34, 49 N. W. (2d) 911, in which the court held that a delay of almost one year in giving notice of an accident was not distinguishable from the *Parrish Case* and that notice was not given "as soon as practicable" as a matter

of law. Both *Parrish* and *Calhoun* involved notice provisions similar to that in the insurance policy in the instant case and both involved questions of the applicability of sec. 204.34 (3), Stats. In both *Parrish* and *Calhoun* the plaintiff was obviously seriously injured at the time of the accident.

In the case at bar the trial court found that notice was given "as soon as practicable" after the accident "because Sherry Motors did notify the Company as soon as it found out that a claim was being made against it for what had been considered by them to be no accident at all." Sherry maintains that the determination of the trial court was correct, and that *Parrish* and *Calhoun* are distinguishable from the instant case.

In short, Universal contends that the passage of a certain length of time between accident and notice absolves the insurer of liability under the policy and the statutes as a matter of law; Sherry contends that whether notice is "as soon as practicable" depends upon the particular circumstances of the accident and that an insured need not report every trivial occurrence that would not lead a reasonable person to suspect that a claim will probably be made against it.

In the case at bar the plaintiff was not visibly injured at the time of the accident. She was not knocked down, walked to the sidewalk, and told Bartman, "I don't think I am hurt." Mrs. Sanderfoot did call Sherry the next day stating that her knee was stiff and sore and that she would see a doctor the next Monday if the condition did not improve, but she made no additional contact with Sherry for over seven months. She did not comply with Sherry's specific request that she report the name of her doctor to Sherry.

In support of its position, Sherry offers the case of *Sheafor v. Standard Accident Ins. Co.* (1918), 166 Wis. 498, 166 N. W. 4, in which the court held that where a blow to the insured's head did not result in indicia of

serious injury, the insured was excused from giving notice of injury within twenty days of the accident as required by the policy, even though the insured eventually lost an eye as a result of the accident. The condition had gradually worsened until the eye had to be removed. The *Sheafor Case* must be distinguished from this case in two respects: (1) The policy there required "notice of *injury*" within twenty days (this policy requires "notice of *accident*"), and the court found that there was no "injury" until the insured's eye required treatment; and (2) the policy provided that timely notice would not invalidate a claim if the insured showed that it was not " 'reasonably possible to give the notice and that notice was given as soon as was reasonably possible.' " *Sheafor, supra,* at pages 498, 499.

When Mrs. Sanderfoot called Sherry's office manager the day after the accident and told him that her leg was sore and beginning to get a little stiff, he should have known that there was a possibility of an injury and a claim. The provision of the policy required Sherry to notify Universal of the *accident* as soon as practicable. By the terms of the policy Universal undertook the obligation of defending the claim, including an investigation. Because of these obligations (as well as its financial obligation), Universal had a right to notice of the accident as soon as practicable. Whether it took immediate and extensive steps to investigate is beside the point— it should have been notified so that it would have had an opportunity to do so.

In *Parrish v. Phillips, supra,* at page 445, it is stated:

"The reasons for the policy provisions requiring the assured to give written notice of an accident as soon as practicable are obvious. As said in *McCarthy v. Rendle,* 230 Mass. 35, 38, 119 N. E. 188:

" 'The occurrence of an accident and injury, however slight, may result in litigation, even in protracted litigation. It is the experience of every defender of causes that it is a matter of first importance to become possessed

of all material facts and of the names and residences of all known witnesses at the earliest possible moment, as facts may be forgotten or distorted and witnesses may go beyond reach.' "

Even though the notice of accident was not given as soon as practicable under the terms of the policy, this failure does not relieve the insurer of liability unless that failure was prejudicial to the insurer.

Sec. 204.34 (3), Stats., provides in part:

". . . Failure to give such notice shall not bar liability under such policy of insurance, agreement of indemnity or bond as provided in subsection (1) if the insurer was not prejudiced or damaged by such failure, but the burden of proof to so show shall be upon the person claiming such liability."

By placing the burden of proof upon the person claiming liability the statute creates a presumption of prejudice because of untimely notice.[1]

In its memorandum decision, the trial court made the following statements regarding the question of prejudice:

"As to Question No. 1, this court can see no damage resulting to the Company from the seven and a half month delay in reporting the accident. There was no change in circumstances as far as any of the parties were concerned as a result of the delay. When it was discovered that a claim was going to be made and that there were personal injuries involved, a Sherry Motors employee notified the Company by letter of the accident, and the Company then caused its adjuster to make an investigation, and Sherry Motors was so notified by Exhibit 2, being a letter from the Company.

"The adjuster was able to interview all of the witnesses and ascertain the facts. The Company itself moved slowly in checking these facts. No proof was presented at the trial by which the Company was prejudiced or suffered damages as a result of the delay. It did not meet its burden of proof as required by the statutes."

---

[1] See *Buss v. Clements* (1963), 18 Wis. (2d) 407, 412, 413, 118 N. W. (2d) 928; *Parrish v. Phillips, supra;* and *Calhoun v. Western Casualty & Surety Co., supra.*

It is clear that the trial court placed the burden of proof upon Universal, the insurer, to show that it had been prejudiced by lack of timely notice. This is contrary to sec. 204.34 (3), Stats., and constitutes a prejudicial error. Even though there are no substantial variances in the facts offered by the parties, we deem this issue should be retried under the presumption of prejudice and proper burden of proof.

In its memorandum decision the trial court found that because of the way it had "leisurely made its investigation," Universal had waived the notice provision. This finding overlooks the fact that in its first reply to Sherry after it received notice of the accident—the letter of July 13, 1964—Universal expressly reserved its rights as to the question of coverage. In *Parrish v. Phillips, supra,* the insurer undertook an investigation of the claim while expressly reserving its right to rely on the policy defense of delayed notice. Although the court in *Parrish* did not pass on the waiver/estoppel issue, in deciding the case for the insurer the court at least impliedly recognized the validity of the insurer's reservation-of-right letter. In view of the express reservation of right in the case at bar there was no waiver, or voluntary relinquishment of Universal's known right to rely on the policy defense.

Estoppel is equally hard to support in this case because the record reveals nothing which shows that Sherry relied to its detriment upon the fact that Universal would undertake the investigation of the claim. We find an unresolved inconsistency in Sherry urging on the one hand that because all the witnesses were available Universal was not prejudiced by delayed notice, and on the other that Universal's delay in denying coverage caused detrimental reliance on the part of Sherry.

Neither the doctrine of waiver nor estoppel are appropriate in support of Sherry's position.

*By the Court.*—Judgment reversed, and a new trial ordered on the issue of whether Universal Underwriters

Insurance Company was prejudiced by lack of timely notice of the accident.