RESSEGUIE, Appellant, v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Respondent.

*No. 121. Argued March 30, 1971.—Decided May 4, 1971.*
(Also reported in 186 N. W. 2d 236.)

94

For the appellant there was a brief by *Schalow, Powers & Dugan,* attorneys, and *James C. Schalow* and *Denis W. Dugan* of counsel, all of Milwaukee, and oral argument by *James C. Schalow.*

For the respondent there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Donald R. Peterson* and *Joseph D. McDevitt* of counsel, all of Milwaukee, and oral argument by *Mr. McDevitt.*

BEILFUSS, J. The plaintiff-appellant has raised five issues on appeal:

(1) Did the insured give notice of the accident to the insurer "as soon as practicable?"

(2) Is the provision that the insured must give notice of an "accident, occurrence or loss" as soon as practicable contained in defendant's insurance policy against public policy?

(3) Is sec. 204.34 (3), Stats., unconstitutional?

(4) Did the defendant-insurer receive notice of the accident in this case prior to January 11, 1967?

(5) If defendant-insurer did not receive notice until January 11, 1967, did the plaintiff prove that the insurer was not prejudiced by the delay of almost fifteen months?

The first issue raised by the plaintiff-appellant is whether the notice given to the respondent-insurer by Dickmann was given as soon as practicable. It is undisputed that Dickmann did not give any notice to his insurer until January 11, 1967, when he forwarded to it the letter which he received from the appellant's attorney. The appellant argues that in Dickmann's own mind he gave notice as soon as was practicable.

While Dickmann might have thought that no claim would be made against him until he received the letter

from appellant's attorney, the provisions of his insurance policy required him to give notice in the event of an "accident, occurrence, or loss," and his obligation was not limited to instances where he knew that there might be an injury and a claim for damages. Therefore the first question is not when did Dickmann know that a claim would be made, but rather when did he have reasonable grounds to believe that he was a participant in an accident. *Porter v. General Casualty Co.* (1969), 42 Wis. 2d 740, 168 N. W. 2d 101. Without reasonable grounds for such a belief he had no duty to make a report to his insurer. *Vande Leest v. Basten* (1942), 241 Wis. 509, 6 N. W. 2d 667.

It is undisputed that at the time of this incident Dickmann had a conversation with appellant and they exchanged names and addresses. A day or two later Dickmann was contacted by the police and subsequently went to the police station where he completed the accident report and supplied the name of his insurer. From this undisputed evidence the trial court could properly have concluded that Dickmann had reason to believe that he had been in an accident either at the time the incident took place, or within a few days thereafter when he was aware the accident had been reported to the police by the plaintiff.

Normally, a mere lapse of time is not sufficient to constitute a breach of the duty to give notice. What is "as soon as practicable" is by nature a factual question although, as with all factual questions, the insufficiency of the proof may be a question of law. *Allen v. Ross* (1968), 38 Wis. 2d 209, 156 N. W. 2d 434; *Porter v. General Casualty Co., supra.*

A fact situation similar to the instant case was involved in *Sanderfoot v. Sherry Motors, Inc.* (1967), 33 Wis. 2d 301, 147 N. W. 2d 255. In that case an employee of the defendant struck the plaintiff, a pedestrian, while

executing a right turn at an intersection in Appleton. The plaintiff was not knocked down and indicated at that time that she was not hurt. The accident was reported by the employee to the office manager of the defendant. The following day the plaintiff called and informed the office manager that she was beginning to get a little stiff and sore. She was informed to see her doctor and told to forward the bill to the defendant. There was no further communication from the plaintiff until June 10, 1964, in excess of seven months after the accident, when the defendant received a letter from the plaintiff's attorney that she had been injured and was at this time asserting a claim. The defendant then informed its insurer of the claim and the insurer denied coverage because of the unreasonable length of time in reporting the loss. A separate trial was held on the issue of coverage and it was found that the notice of the accident was as soon as practicable, that the defendant's insurer was not prejudiced by the delay of notice and that the insurer in delaying investigation of the accident because of the policy defense had waived the delay and notification and was estopped from asserting it as a defense. In reversing the decision of the trial court, this court stated at pages 308, 309:

"When Mrs. Sanderfoot called Sherry's office manager the day after the accident and told him that her leg was sore and beginning to get a little stiff, he should have known that there was a possibility of an injury and a claim. The provision of the policy required Sherry to notify Universal of the *accident* as soon as practicable. By the terms of the policy Universal undertook the obligation of defending the claim, including an investigation. Because of these obligations (as well as its financial obligation), Universal had a right to notice of the accident as soon as practicable. Whether it took immediate and extensive steps to investigate is beside the point— it should have been notified so that it would have had an opportunity to do so.

"In *Parrish v. Phillips, supra,* at page 445, it is stated:

" 'The reasons for the policy provisions requiring the assured to give written notice of an accident as soon as practicable are obvious. As said in *McCarthy v. Rendle,* 230 Mass. 35, 38, 119 N. E. 188:

" ' "The occurrence of an accident and injury, however slight, may result in litigation, even in protracted litigation. It is the experience of every defender of causes that it is a matter of first importance to become possessed of all material facts and of the names and residences of all known witnesses at the earliest possible moment, as facts may be forgotten or distorted and witnesses may go beyond reach." ' "

In *Allen v. Ross, supra,* at page 216, this court considered at length the notice requirement in insurance policies, and reviewed some of the decisions dealing with a lapse of time as constituting a breach of the duty:

". . . In *Parrish v. Phillips* (1938), 229 Wis. 439, 282 N. W. 551, the period of thirty-three days was held not to be as soon as practicable as a matter of law, not because of mere lapse of time but because of the insufficiency of the proof. In *Calhoun v. Western Casualty & Surety Co.* (1951), 260 Wis. 34, 49 N. W. 2d 911, also cited by Hardware, the jury found eleven months' delay to be as soon as practicable, but the court reversed because the proof showed the delay was not justified. In *Sanderfoot v. Sherry Motors, Inc.* (1967), 33 Wis. 2d 301, 147 N. W. 2d 255, a delay of over seven months with no reasonable explanation for not notifying the insurer was held not timely. . . ."

In this case Dickmann did not give any notice of the accident to respondent until January 11, 1967, a delay of almost fifteen months. No explanation was given for this delay, nor does the record reveal any circumstances tending to excuse or justify it. The trial court's finding that Dickmann did not give notice as soon as practicable clearly is not contrary to the great weight and clear

preponderance of the evidence; it is not insufficient as a matter of law and must be upheld by this court. *Mitchell v. Western Casualty & Surety Co.* (1966), 30 Wis. 2d 419, 421, 141 N. W. 2d 212.

The appellant argues that since the rights of third parties injured in an automobile accident must be given some consideration in determining the rights between the insured and the insurer, a notice provision in a policy which may operate to extinguish the third party's right of action against the insurer is against the public policy of the state.

An insurer has the right to limit its liability by the terms of its contract unless the attempted restriction is prohibited by the statutes or by considerations of the public policy of the state. *Schneider v. Depies* (1954), 266 Wis. 43, 62 N. W. 2d 431; *Olander v. Klapprote* (1953), 263 Wis. 463, 57 N. W. 2d 734. What the public policy is in this regard can be determined from the legislative expression found in the statutes and the interpretation found in this court's decisions. A statement of this policy is found in *Kurz v. Collins* (1959), 6 Wis. 2d 538, 549, 95 N. W. 2d 365, where this court said:

". . . we cannot view the issue solely from the standpoint of the two contracting parties, the insurer and the insured. The interests of third parties who have been injured or damaged as a result of the negligent operation of the insured vehicle must also be considered. Certain statutes enacted by the legislature have clearly enunciated such a public policy. *Pavelski v. Roginski* (1957), 1 Wis. (2d) 345, 350, 84 N. W. (2d) 84. We deem that such public policy requires that, where the rights of an injured third party have intervened subsequent to the issuance of the contract of insurance, the insurer should not be freed from liability to such third party, on the ground of non-co-operation of the insured in having made a false statement, unless the insurer has been harmed thereby. . . ."

The policy with regard to notice requirements in particular is contained in sec. 204.34 (3), Stats.[1] By incorporating the twenty-day limitation contained in sec. 204.29 (1),[2] the legislature has clearly sanctioned the use of notice provisions in insurance contracts. The statute states that it would be against public policy to limit the period for giving such notice to less than twenty days. By implication, a notice requirement not so limited is approved and to the extent of creating a statutory presumption of prejudice in favor of the insurer when the requirement has not been fulfilled. The rights of the injured third party are protected in that he is given the opportunity of rebutting that presumption by showing that no prejudice has resulted to the insurer.

The appellant's argument would be far more persuasive, and has been accepted, where liability insurance has been made compulsory by statute either for all motorists, or for a particular class of vehicles or drivers. *See: Compulsory Insurance—Defenses,* Annot. 31 A. L. R. 2d 645. The purpose of such statutes is to benefit or protect the injured third parties rather than the insured, and to deprive third parties of this benefit because of the insured's failure to comply with the provisions of the policy as regards notice or cooperation with the insurer would defeat that purpose. But the legislature has not seen fit to adopt a compulsory insurance requirement for all motorists in Wisconsin, and

[1] "No policy of insurance, agreement of indemnity or bond as provided in subsection (1) shall limit the time for the giving of notice of any accident or casualty covered thereby to a period less than that provided in subsection (1) of section 204.29. Failure to give such notice shall not bar liability under such policy of insurance, agreement of indemnity or bond as provided in subsection (1) if the insurer was not prejudiced or damaged by such failure, but the burden of proof to so show shall be upon the person claiming such liability."

[2] "No licensed accident or casualty insurance company in Wisconsin shall limit the time for the service of any notice of injury to less than twenty days, except as provided in section 204.31."

liability insurance remains voluntary.[3] Though the interests of injured third parties must be considered, voluntary liability insurance exists primarily for the financial protection of the insured. *Pavelski v. Roginski* (1957), 1 Wis. 2d 345, 351, 84 N. W. 2d 84; Annot. 18 A. L. R. 2d 443, 499.

A determination of public policy can only be made by weighing respective conflicting interests. The legislature has done this, and determined that though notice requirements may occasionally operate to defeat the interest of an injured third party, the interests of this class of persons generally can be better protected by allowing insurers this degree of contractual freedom so as to make voluntary liability insurance available to the greatest possible number of motorists. The notice requirement in question here is not against public policy and therefore not void.

In her brief and on oral argument the appellant attacks the constitutionality of sec. 204.34 (3), Stats., on the grounds that it denies her equal protection of the law, and deprives her of a property right which it grants to other persons of the same class under like circumstances. A review of the record indicates that this constitutional issue was not raised in the pleadings, at trial, or in the trial briefs of the parties, but rather is raised for the first time on this appeal. As with other issues, this court has consistently taken the position that it will not ordinarily consider constitutional issues presented for the first time on appeal. In *Shadow Lawn School Dist. v. Walworth County School Comm.* (1967), 33 Wis. 2d 333, 343, 344, 147 N. W. 2d 227, this court said:

"The issue is being raised for the first time on this appeal. In *Wisconsin Power & Light Co. v. Dean* (1957), 275 Wis. 236, 242, 81 N. W. (2d) 486, with respect to

---

[3] Except as required under the Financial Responsibility Law, ch. 344, and public and private contract carrier permits.

raising a constitutional issue for the first time on appeal, we stated:

" 'It is the rule of this court that it ordinarily will not consider the question of constitutionality which has been raised for the first time on appeal but will deem that any such right which may have existed was waived by failure to raise it early in the proceeding before the trial court. *State ex rel. Nelson v. Rock County,* 271 Wis. 312, 317, 73 N. W. (2d) 564; *Baker v. Leenhouts,* 257 Wis. 584, 44 N. W. (2d) 544; certiorari denied, 341 U. S. 945, 71 Sup. Ct. 1019, 95 L. Ed. 1370.' " *See also: Stacy v. Ashland County Dept. of Public Welfare* (1968), 39 Wis. 2d 595, 159 N. W. 2d 630; *Boeck v. State Highway Comm.* (1967), 36 Wis. 2d 440, 153 N. W. 2d 610.

There does not appear to be any compelling reason for departing from this rule in this case, and therefore we do not reach the constitutional issue.

Pursuant to sec. 204.34 (3), Stats., the insurer must plead and prove that it did not receive notice as soon as practicable. If it does so the burden then shifts to the claimant to prove that the insurer was not prejudiced by an untimely notice. *Allen v. Ross, supra.* The plaintiff-appellant claims that she gave the insurance company oral notice by telephone within a few days after the accident. Respondent denies that it received any notice whatsoever until the written notice was received on January 11, 1967. After referring to the discussion of the burden of proof in *Allen,* the trial court resolved this issue by stating:

"Viewing the evidence as a whole, the activity of the insurance company, their file, the measures that they take to go ahead and investigate a claim, and the actions of the plaintiff after giving the alleged oral notice, the Court simply does not believe that the plaintiff gave an oral notice to the insurance company. While the record may indicate some question in the Court's initial statement as to who had the burdens of proof in this phase of the case, the Court has reviewed all of the evidence using the burdens described above."

It is a fundamental principle that the weight to be given testimony and the credibility of the witnesses is for the trier of fact, in this case the trial judge. *Weed v. Lepianka* (1966), 30 Wis. 2d 198, 205, 140 N. W. 2d 305; *State v. Public Service Comm.* (1962), 16 Wis. 2d 231, 238, 114 N. W. 2d 454. The findings of the trier of fact must be sustained unless they are contrary to the great weight and clear preponderance of the evidence. *Mitchell v. Western Casualty & Surety Co., supra.* The trial court here made a very explicit finding of fact when it stated that "the Court simply does not believe that the plaintiff gave an oral notice to the insurance company."

The appellant's primary objection in this regard is that the trial court erred by accepting the negative testimony of Robert Christensen over her positive testimony that she did in fact file oral notice to respondent. Mr. Christensen testified that respondent's records did not contain any indication that appellant had in fact called and reported the accident. He described the procedure which the company has established to create a file and investigate reports. This procedure is started immediately upon receipt of notice, either by telephone or in writing. He stated that no file or investigation was begun in this case until January 11, 1967, when the company first received notice of the accident.

Appellant cites *Thiel v. Damrau* (1954), 268 Wis. 76, 85, 66 N. W. 2d 747, wherein this court said:

"Positive, uncontradicted testimony as to the existence of some fact, or the happening of some event, cannot be disregarded by a court or jury in the absence of something in the case which discredits the same or renders it against the reasonable probabilities. . . ."

In the instant case the appellant's testimony that she made the call is contradicted by Christensen's testimony that a procedure which would have been started had she called was not in fact started. Though this testimony

is essentially negative, this court has held that the absence of an entry in records maintained in the usual course of business, when contradicted by the testimony of a witness, does present an issue for the trier of fact. In *Scalzo v. Marsh* (1961), 13 Wis. 2d 126, 136, 137, 108 N. W. 2d 163, the court said:

". . . The general rule is that the weight to be accorded negative evidence is for the jury to determine. *Conrardy v. Sheboygan County* (1956), 273 Wis. 78, 82, 76 N. W. (2d) 560; 2 Wigmore, Evidence (3d ed.), p. 777 *et seq.*, sec. 664; comment note, Distinction between positive and negative evidence, 140 A. L. R. 530, 531. When the negative evidence is the absence of entries in books and records of account, 5 Wigmore, Evidence (3d ed.), pp. 392, 393, sec. 1531, states:

" 'The *absence of an entry*, where an entry would naturally have been made if a transaction had occurred, should ordinarily be equivalent to an assertion that no such transaction occurred, and therefore should be admissible in evidence for that purpose. The same question arises for other kinds of evidence (post, secs. 1556, 1639).

" 'The contrary attitude of some courts is lamentable. When a book purports to contain all items transacted within the scope of the book's subject, the absence of an entry of transaction of a specific purport is in plain implication a statement by the maker of the book that no such transaction was had. The psychology of it is the same as that of testimony on the stand by a person who denies that a sound took place in his presence because he heard no such sound (ante, sec. 664). The practical reliability of it is shown by every day's practice in every business house. All industry and commerce is daily conducted on the negative as well as on the affirmative showings of the regular books of entry.' "

The court concluded that the absence of any records in defendant's books of account was sufficient to make the question one of fact for the jury.

A distinction may be drawn between *Scalzo, supra,* and the instant case in that here no records were

introduced into evidence. We believe the situation is analogous. Christensen testified that respondent's standard practice followed in every case involving a personal injury is to create a file and begin an investigation immediately upon receipt of notice of an accident, whether it be from the insured or the injured party. This may be considered the equivalent of a written entry in a record book. Testimony that such a file was not created is essentially the same as introducing a record which does not contain some particular entry. The absence of the existence of a record which would have been made in response to appellant's alleged telephone call was sufficient to create a question of fact as to whether the call was made.

As with all conflicting testimony, the comparative weight of positive and negative testimony depends upon the credibility of the witnesses, unless one or the other is inherently incredible. *Mustas v. Inland Construction, Inc.* (1963), 19 Wis. 2d 194, 201, 120 N. W. 2d 95, 121 N. W. 2d 274; *Conrardy v. Sheboygan County* (1956), 273 Wis. 78, 82, 76 N. W. 2d 560. In reviewing the findings of the trier of fact the evidence must be viewed by this court from a standpoint most favorable to the respondent. *Delap v. Institute of America, Inc.* (1966), 31 Wis. 2d 507, 510, 143 N. W. 2d 476.

In discussing and evaluating the evidence before it in this case, the trial court stated that it simply did not believe the plaintiff. Of necessity, this finding had to rest primarily upon a determination of credibility rather than verifiable facts or corroborating evidence. The trial court properly made this determination and its finding clearly is not contrary to the great weight and clear preponderance of the evidence, and for that reason it cannot be upset upon appeal.

Once the respondent-insurer established that it did not receive notice of the accident until almost fifteen

months after it occurred, the burden of proof was then on the plaintiff-appellant to show that respondent was not damaged or prejudiced by the delay. A review of the record indicates that appellant relied primarily on the theory that she had given notice to respondent by telephone and introduced little, if any, evidence tending to show that respondent was not prejudiced. The trial court found that respondent was prejudiced and, even on appeal, appellant takes little issue with that finding except to state in the conclusion to her brief that respondent could not be prejudiced by the lack of immediate opportunity to interview witnesses since there apparently were none. The respondent, on the other hand, did introduce evidence tending to show that it had been prejudiced by reading into the record parts of an adverse examination of the appellant in which she was unable to remember any of the details of the accident.

The appellant has not met her burden of proof to show that the insurer was not prejudiced by failure to receive notice for a period of almost fifteen months.

The provisions of the insurance contract were not complied with and the trial court properly dismissed the complaint.

*By the Court.*—Judgment affirmed.